■ In the Matter of HOWARD J. GOLDMAN, Respondent, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York and Executive Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Appellants. — Order and judgment (one paper) of the Supreme Court, New York County (Norman C. Ryp, J.), entered on October 29, 1982, which granted the petition

herein to the extent of remanding to the respondent for reconsideration of petitioner's application for accident disability retirement pursuant to section 207-k of the General Municipal Law, is unanimously reversed, on the law, without costs, and the petition dismissed. ¶ Petitioner Howard J. Goldman (Goldman), a police officer, appointed to the force in 1968, seeks in this proceeding to vacate a determination by the respondent Board of Trustees of Police Pension Fund which found that he was not entitled to accident disability retirement pursuant to section 207-k of the General Municipal Law. That section, known generally as the Heart Bill, provides essentially that any impairment of health caused by diseases of the heart, resulting in total or partial disability or death of any fireman or policeman who successfully passed a physical examination upon entry into the service shall be presumptive evidence that it was incurred in the performance of duty unless the contrary be proved by competent evidence (General Municipal Law, § 207-k; *Uniformed Firefighters Assn. v Beekman,* 52 NY2d 463). ¶ In May, 1978, petitioner applied for accident disability retirement, based upon a line-of-duty incident that occurred in September, 1977, which resulted in his being hospitalized at St. Clare's Hospital to rule out a possible myocardial infarction. Tests done at St. Clare's resulted in a discharge diagnosis of cardiac insufficiency. He was transferred to Roosevelt Hospital where further tests were done. These tests revealed that Goldman's cardiograms were normal and that the results of his entire physical examination, including the cardiovascular systems, were within normal limits. The Medical Board recommended denial of accident disability retirement. The Trustees tabled consideration of Goldman's application. ¶ Following two additional episodes of chest pain in June, 1978 and February, 1979, Goldman resubmitted his application for accident disability retirement. ¶ The Medical Board obtained copies of reports of Goldman's treating physician and of the National Institute of Health where Goldman had been treated. The Board examined Goldman in June, 1979, and found that his vital signs were within normal limits and that although his coronary arteries were entirely normal, there was concentric hypertrophy of the left ventricle of a moderately significant degree, and that his cardiovascular system was within normal limits. The Board concluded that petitioner was unfit for police duty by reason of "etiopathic [*sic*]" left ventricular hypertrophy. They recommended that he be retired on ordinary disability and be denied accident disability retirement. ¶ Because *Uniformed Firefighters Assn. v Beekman* (52 NY2d 463, *supra*) was then pending in the courts, the Trustees tabled further consideration of petitioner's application, pending judicial resolution of the *Beekman* case. Following the Court of Appeals determination of *Beekman,* the Trustees, in June, 1981, remanded Goldman's application to the Medical Board for clarification of their diagnosis in view of the "Heart Bill" decision. ¶ The Medical Board clarified its prior determination, indicating that petitioner has "undergone the ultimate cardiac test which is cardiac catheterization and angiography at the National Institute of Health at Bethesda, Md. This study revealed concentric hypertrophy of the left ventricle of moderately significant degree. This, in laymen['] terms, means a thickening of the muscle of the left ventricular chamber of the heart. When this finding occurs in the absence of hypertension, it is of unknown cause, possibly congenital, but not acquired as a result of any job or occupational factor. It is potentially a cause of disability, but should not be considered job related or line of duty." The Board reaffirmed its prior determination that ordinary disability retirement be approved and that the accident and "Heart Bill provisions" be disapproved. The Trustees, by tie vote, failed to approve either ordinary or accident disability, and consequently, pursuant to *Matter of City of New York v Schoeck* (294 NY 559), Goldman was retired on ordinary disability. (See, also, *Matter of Canfora v*

*Board of Trustees of Police Pension Fund,* 60 NY2d 347.) This proceeding ensued. ¶ Special Term concluded that the presumption created by section 207-k of the General Municipal Law had not been satisfactorily rebutted and remanded the matter for a further consideration by the Medical Board. We disagree. Here the Medical Board's conclusion that petitioner was not entitled to accident disability retirement because of his concentric hypertrophy of the left ventricle, a condition which, in the absence of hypertension or coronary disease, is not stress related or induced by occupational factors is fully supported by the findings of the National Institute of Health, the findings of Dr. Grossman, and the findings of the Board's examination, all of which constitute some "credible evidence" (*Matter of Manza v Malcolm,* 44 AD2d 794). Thus the diagnosis of concentric hypertrophy of the left ventricle, occurring in the absence of hypertension or coronary disease, was competent evidence which rebutted the statutory presumption that petitioner's heart condition was incurred in the performance and discharge of duty. (See *Matter of Bagarozza v McGuire,* 100 AD2d 986; *Matter of Simmons v Herkommer,* 98 AD2d 651; see, also, *Matter of Vecchiarello v Board of Trustees of Police Pension Fund,* 115 Misc 2d 241, affd 96 AD2d 1153.) That such evidence is "competent evidence" is clear since it is relevant and tends to prove the point of non-job-relatedness of Goldman's ailment. (See Richardson, Evidence [10th ed], § 4.) Nor was the Medical Board required to identify the cause of the disease (*Matter of Vecchiarello v Board of Trustees of Police Pension Fund,* 115 Misc 2d, at p 246). Concur — Sullivan, J. P., Ross, Silverman and Alexander, JJ.