■ In the Matter of JOAN LO PINTO, Respondent, v BENJAMIN WARD et al., Appellants.

At the time of her appointment to the New York City Police Department on August 31, 1973, petitioner did not display any symptoms of heart disease. Nor was there any family history of such disease. No evidence of heart disease was detected in a subsequent physical examination undertaken in 1978, upon her return to active duty after a three-year fiscally imposed layoff. After reporting sick, however, on May 2, 1983, approximately five years later, an echocardiogram was performed which indicated a mitral valve prolapse. Petitioner was thereafter placed on restricted duty after an increase in the episodes of dizziness from which she was suffering. She was subsequently examined by the Pension Fund's Medical Board, which confirmed the existence of mitral valve prolapse, and found petitioner disabled but recommended ordinary disability. Petitioner was retired on ordinary disability when the Board of Trustees voted 6 to 6 on her accident disability application. She thereafter commenced this CPLR article 78 proceeding. Special Term, finding that "[r]espondents have failed affirmatively to rebut the presumption of job-relatedness found in the Heart Bill Law", remanded the matter to the Medical Board for reconsideration. We reverse.

In confirming the diagnosis of mitral valve prolapse, the Medical Board found that petitioner's condition was unrelated to stress incurred in the performance of her police duties. The board's conclusion was based, as it noted, on the "well established medical fact that neither physical [n]or emotional stress is a contributing factor in such condition." While General Municipal Law § 207-k (Heart Bill) "creates a presumption that a disabling or fatal heart condition suffered by a New York City police officer * * * was accidentally sustained as a result of his employment if not rebutted by contrary proof" (Uniformed Firefighters Assn. v Beekman, 52 NY2d 463, 472-473), the Medical Board's opinion constitutes competent evidence sufficient to rebut the presumption. (See, Matter of Goldman v McGuire, 101 AD2d 768, affd 64 NY2d 1041; Matter of Simmons v Herkommer, 98 AD2d 651, affd 62 NY2d

711; *Matter of Gumbrecht v McGuire,* 117 AD2d 531.) In instances where, as here, the Medical Board has eliminated the possibility that the mitral valve prolapse was stress or job related, the Heart Bill presumption is rebutted.

The petition is dismissed. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Asch, JJ.