■ In the Matter of ALAN STEGMULLER, Appellant, v LEE P. BROWN, as Police Commissioner of the City of New York and as Executive Chair of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [627 NYS2d 638] —Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered February 1, 1994, which dismissed petitioner's CPLR article 78 petition seeking to annul respondent Board of Trustees of the Police Department Pension Fund's determination denying him accident disability retirement under section 13-252 of the Administrative Code of the City of New York, unanimously affirmed, without costs.

Pursuant to section 207-k of the General Municipal Law, also known as the Heart Bill, respondent rebutted the presumption that petitioner's heart condition was job related after carefully viewing all of the medical evidence including stress tests and an EKG examination, all of which proved negative for cardiac damage. (See, e.g., Matter of Gumbrecht v McGuire, 117 AD2d 531.) Neither the Medical Board nor the Board of Trustees were required to identify the actual cause of the heart condition at issue. (See, Matter of Goldman v McGuire, 101 AD2d 768; see also, Matter of Bagarozza v McGuire, 100 AD2d 986, affd 64 NY2d 1043.)

Disability retirement under section 13-252 of the Administrative Code of the City of New York was properly disallowed when the Medical Board repeatedly addressed the issue whether the inhaling of smoke by petitioner during a fire while running up and down five flights of steps to evacuate the building could not have caused his chronic condition of premature ventricular contractions sometime later. (Matter of Christian v New York City Employees' Retirement Sys., 83 AD2d 507, affd 56 NY2d 841.) Concur—Ellerin, J. P., Kupferman, Asch, Williams and Tom, JJ.