■ In the Matter of DANIEL J. LUNT, Respondent, v RAYMOND KELLY, as Police Commissioner and Chair of the Police Pension Fund, Article II, et al., Appellants. [642 NYS2d 231] —Order and judgment (one paper), Supreme Court, New York County (Carol Arber, J.), entered on or about October 14, 1994, which granted petitioner's application pursuant to CPLR article 78 to annul respondents' determination denying petitioner accidental disability retirement benefits, unanimously affirmed, without costs.

We agree with the IAS Court that respondents failed to rebut the presumption that petitioner's atrial fibrillation and hypertension were incurred in the performance of his duties as a police officer (General Municipal Law § 207-k) with competent evidence supporting their claim that such conditions were not caused by stress or any other job-related factors (see, Matter of Liston v City of New York, 161 AD2d 491, lv denied 76 NY2d 709). The Board of Trustees relied on the report of the Medical

Board dated July 20, 1992, which concluded that petitioner's atrial fibrillation was not connected to his hypertension since there was no evidence of left ventricular hypertrophy. But there was, namely, the report of petitioner's doctor dated June 20, 1990, which stated that an echocardiogram showed eccentric hypertrophy of the left ventricle. In addition, at the Board of Trustees' meeting of May 13, 1992, the Police Department's Chief Surgeon stated that the connection between petitioner's atrial fibrillation and hypertension has not been disproved. It does not appear that any tests were done after that meeting and before the Board of Trustees' vote, or that respondents had any other basis for disregarding the opinion of their Chief Surgeon, other than the conclusory report of July 20, in reaching the result they did. Concur— Sullivan, J. P., Ellerin, Ross, Nardelli and Williams, JJ.