■ In the Matter of JOHN D. CALLAGHAN, Respondent, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York and as Chair of the Board of Trustees of the Police Pension Fund, Article II, et al., Appellants. [677 NYS2d 125] —Order and judgment (one paper), Supreme Court, New York County (Jane Solomon, J.), entered April 14, 1997, which granted the petition, annulled respondents' June 7, 1995 determination

granting petitioner ordinary disability retirement rather than accident disability retirement and awarded petitioner accident disability retirement pursuant to General Municipal Law § 207-k as a matter of law, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

Pursuant to General Municipal Law § 207-k, the "Heart Bill", respondents rebutted the presumption that petitioner's atrial fibrillation was job related based upon the Medical Board's interview and examination of petitioner as well as their review of all of the medical evidence, including the results of various tests performed from December 27, 1987 to March 31, 1993, including X-rays, a 24-hour Holter EKG, several EKG examinations and echocardiograms and a thallium stress test, conducted on March 31, 1993, which found no indication of ischemic disease, infarction or significant exercise-induced left ventricular dysfunction.

Petitioner, who was 27 years old when he was appointed a uniformed New York City Police Officer on July 15, 1986, suffered his first reported episode of atrial fibrillation on December 27, 1987, after playing football. On numerous occasions over the next few years, petitioner was admitted to a hospital or treated in an emergency room for atrial fibrillation and, in 1993, he sought accident disability retirement benefits pursuant to the Heart Bill.

On July 19, 1993, the Medical Board of the Police Pension Fund Article II, chaired by a board-certified cardiologist, having reviewed petitioner's file and interviewed and examined him, recommended disapproving his application for accident disability retirement but recommended approval of the Commissioner's application on his behalf for ordinary disability retirement with a diagnosis of recurrent paroxysmal atrial fibrillation. The Board noted that "the aforementioned tests have not disclosed any organic structural heart disease including the echocardiogram which revealed valve function to be normal and left and right ventricular chamber dimension and motion to be normal."

Petitioner sought reconsideration by the Board of Trustees of that decision four times, but each time the Board of Trustees accepted the Medical Board's recommendation.

Although neither the Medical Board nor the Board of Trustees was required to identify the actual cause of the heart condition at issue (*Matter of Stegmuller v Brown*, 216 AD2d 23, *lv denied* 87 NY2d 807), the Medical Board, on December 19, 1994, reaffirmed its three previous determinations and stated, with respect to the Heart Bill's presumption, that: "there is no

activity or function in the performance of police duties which can predispose or precipitate atrial fibrillation attacks. Specific medical predisposing causes were sought but not found by tests previously enumerated. It is this factual information which has led the Medical Board to recommend denial of benefits under the provisions of the Heart Bill."

With respect to such finding, counsel for petitioner conceded at oral argument that petitioner's condition would not be disclosed by a physical examination unless he was undergoing an episode of atrial fibrillation at the time. Moreover, unlike *Matter of Lunt v Kelly* (227 AD2d 200, *lv denied* 90 NY2d 803), there was no evidence of left ventricular hypertrophy and the results of the X-rays and cardiogram that were relied upon by the IAS Court were equivocal at best. Concur—Sullivan, J. P., Rosenberger, Ellerin, Nardelli and Andrias, JJ.