■ In the Matter of JOHN V. WHOLIHAN, Appellant, v THOMAS VANESSEN, as Fire Commissioner of the City of New York and as Chairman of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, et al., Respondents. [679 NYS2d 627] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the appeal is from a judgment of the Supreme Court, Kings County (Jackson, J.), dated May 23, 1997, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In view of the objective medical evidence demonstrating that the petitioner's mild cardiomyopathy was not accompanied by any underlying stress-related heart disease or coronary artery disease, and the conclusions of various medical experts that the petitioner's disabling condition was of unknown origin or might possibly have been caused by a viral infection, the statutory presumption set forth in General Municipal Law § 207-k was adequately rebutted and the determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund that the condition was not job-related is not arbitrary and capricious (*see, Matter of Butterworth v Bratton,* 244 AD2d 162; *Tardibuono v Board of Trustees,* 240 AD2d 327; *Matter of Stegmuller v Brown,* 216 AD2d 23; *Matter of Gumbrecht v McGuire,* 117 AD2d 531). Rosenblatt, J. P., Copertino, Sullivan and Altman, JJ., concur.