■ In the Matter of KATHERINE WELCH, as Widow and Beneficiary of GLENN WELCH, Deceased, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [739 NYS2d 567] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered October 12, 2000, which denied petitioner's application to annul respondent's determination denying her accidental death benefits, and dismissed the petition, unanimously affirmed, without costs.

Since the denial of petitioner's application for Heart Bill death benefits was the result of a tie vote by respondent Board of Trustees, petitioner is entitled to only ordinary death

benefits if respondents adduce competent evidence that petitioner's husband's disabling and ultimately fatal heart condition was not the result of his work as a police officer, and the record does not permit a finding to the contrary as a matter of law (*see*, General Municipal Law § 207-k; *Matter of Meyer v Board of Trustees*, 90 NY2d 139, 145). Such competent evidence is provided by the Medical Examiner's report, which, like the Medical Board's earlier report recommending petitioner's husband's retirement on ordinary benefits, found no indication that his condition, described by the coroner as "idiopathic hypertrophic subaortic stenosis" and by the Medical Board as "hypertrophic cardiomyopathy," involved any coronary artery disease, and by the Medical Board's report, which, in addition, found no indication of hypertension (*see*, *Tardibuono v Board of Trustees*, 240 AD2d 327; *Matter of Butterworth v Bratton*, 244 AD2d 162). Concur—Williams, P.J., Saxe, Buckley, Ellerin and Rubin, JJ.