■ In the Matter of HAROLD KNORR, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [825 NYS2d 364]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered June 7, 2005, which denied petitioner police officer's application to annul respondents' determination denying his application for an accident disability retirement, as a consequence of a tie vote, and dismissed the petition, unanimously affirmed, without costs.

The statutory presumption of General Municipal Law § 207-k (the Heart Bill) was overcome by credible medical evidence that petitioner's disabling heart condition is apical hypertrophic cardiomyopathy of unknown etiology but in no event related to

occupational stress (*see Matter of Bagarozza v McGuire*, 64 NY2d 1043 [1985]). While petitioner's expert opines that petitioner's coexistent hypertension and coronary artery disease were induced by stress and exacerbated the likely genetic cardiomyopathy, ample credible medical evidence shows that the hypertension is of recent origin and has not yet caused its signature disease, generalized left ventricular hypertrophy, and that the coronary artery disease is nonobstructive (*see Matter of McNamara v Kelly*, 32 AD3d 747 [2006]; *compare Matter of Lunt v Kelly*, 227 AD2d 200 [1996], *lv denied* 90 NY2d 803 [1997], *with Matter of Seldon v Kelly*, 21 AD3d 840 [2005]). It cannot be said as a matter of law that the cause of petitioner's disability is hypertension or coronary artery disease (*see Matter of Welch v Safir*, 293 AD2d 295 [2002]). Concur—Friedman, J.P., Nardelli, Gonzalez, Catterson and Kavanagh, JJ.