(June 26, 2012)

■ In the Matter of CHARLES GOODACRE, Respondent, v RAYMOND KELLY, as the Police Commissioner of the City of New York, and as Chairman of the Board of Trustees of the Police Pensions Fund, Article II, et al., Appellants. [947 NYS2d 463]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered December 13, 2010, which granted the petition brought pursuant to CPLR article 78 seeking, among other things, to annul respondents' determination denying petitioner police officer accident disability retirement (ADR) benefits, found that petitioner is entitled to such benefits as a matter of law, and remanded the matter to respondents to grant petitioner the ADR benefits and for further processing, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

In this Heart Bill pension case, the court exceeded the scope

of its review, which is determining whether "some credible evidence" supported the Medical Board's determination as to disability (*Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760 [1996]). The court concluded—contrary to findings of the Medical Board—that although there were conflicting submissions, as a matter of law, petitioner's hypertension may have led to left ventricular hypertrophy or other significant left ventricular dysfunction, which constituted a stress-related condition warranting ADR benefits.

It was the sole province of the Medical Board and the Board of Trustees, not the court, to resolve conflicts in the medical evidence (*Borenstein*, 88 NY2d at 761; *Matter of Higgins v Kelly*, 84 AD3d 520, 521 [2011], *lv denied* 18 NY3d 806 [2012]). Here, after making 11 reports over six years, having reviewed all of the medical reports and, in its most recent decision, recognizing the conflicting evidence, the Medical Board determined that although petitioner had hypertensive heart disease, he did not have a stress related disability because there was insufficient evidence of "significant left ventricular hypertrophy or other complications."

The Medical Board instead found petitioner disabled due to myocardial bridging, a congenital condition where a muscle band of the heart lies over the left anterior descending coronary artery. The statutory presumption of General Municipal Law § 207-k (Heart Bill) was overcome by this credible evidence of petitioner's disabling congenital heart condition. The Board opined that bridging can, in certain circumstances, cause ischemia, or a heart attack, but it concluded that job related stress would not be a catalyst for either of these events, and awarded petitioner ordinary disability retirement benefits (*see Matter of Callaghan v Bratton*, 253 AD2d 390 [1998] [petitioner not entitled to ADR benefits because job related activities did not predispose petitioner to, or precipitate attacks of, atrial fibrillation]).

Contrary to petitioner's contention, and the court's conclusion, it cannot be said as a matter of law that the cause of petitioner's disability is job related stress (*see Matter of Knorr v Kelly*, 35 AD3d 326 [2006]). The Medical Board's decision was supported by credible evidence and the Board sufficiently set forth the reasons for its conclusions (*see Matter of Kiess v Kelly*, 75 AD3d 416 [2010]). Accordingly, we reverse the order appealed from, deny the article 78 petition and dismiss the proceeding. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 33262(U).]**