| Kim v Sewell |
|:---:|
| 2024 NY Slip Op 30760(U) |
| March 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152035/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARLENE P. BLUTH**
*Justice*

PART 14

-----------------------------------------------------------------------------X

RORY KIM,

Petitioner,

- v -

KEECHANT SEWELL, THE BOARD OF TRUSTEES OF
THE NEW YORK CITY POLICE PENSION FUND, ARTICLE
II, DOROTHY KUNSTADT, M.D., LAWRENCE SCHARER,
M.D., LAWRENCE REDUTO, M.D., IN THEIR CAPACITY
AS THE MEDICAL BOARD OF THE POLICE PENSION
FUND, ARTICLE II

Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152035/2022 |
| MOTION DATE | 03/04/2024[1] |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 9, 10, 11, 12, 13,
14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30

were read on this motion to/for _____ ARTICLE 78 - ADR _____.

The petition to for an order directing respondents to retire petitioner with accident

disability retirement ("ADR") is denied.

**Background**

Petitioner started working for the NYPD in January 2004 and served until he was granted

Ordinary Disability Retirement ("ODR") in 2021. He emphasizes that when he underwent

physical examinations prior to starting work for the NYPD, there was no indication of any heart-

related ailments. Petitioner alleges that, unfortunately, on December 24, 2018 he suffered a

---

[1] The docket indicates that this proceeding was scheduled for oral argument on various dates in 2022 although it is
not clear whether or not oral argument actually occurred. Although this proceeding was only assigned the
undersigned on March 4, 2024, the Court apologizes on behalf of the court system for the substantial delay in the
resolution of this proceeding.

**152035/2022  KIM, RORY vs. SEWELL, KEECHANT ET AL**
  Motion No.  001

**Page 1 of 4**

stroke. In the aftermath, he was subsequently treated by various physicians until he retired with ODR in November 2021.

Petitioner explains that on April 16, 2019 he applied for ADR under the Heart Bill, a statute that provides a presumption that heart-related issues (including a stroke) are caused by being in the line of duty. On July 19, 2019, "The Medical Board notes that the cause of the infarct is most likely embolus or thrombosis related to the left internal carotid artery aneurysm which has been treated. Underlying cause of the internal carotid artery abnormality is not clear. It is the opinion of the Article II Medical Board that it is unlikely to be due to arthrosclerosis obvious cause in the form of the aneurysm was present and arthrosclerosis was described as minimal" (NYSCEF Doc. No. 4, ¶ 17). It granted only ODR for petitioner (*id*. ¶ 18).

The Board of Trustees then sent petitioner's ADR application to the Medical Board for another review in 2020. The Medical Board determined that:

> "In summary, the new evidence does not give any new insight as to the underlying cause of the sergeant's stroke, which was the basis for the recommendation for Ordinary Disability Retirement. The Medical Board finds that there is evidence on radiologic studies of several abnormalities of his cerebral circulation including an aneurysm of the supraclinoid portion of the left internal carotid artery, abnormal cerebral circulation with what was called large vessel angiopathy as well as a narrowing of the M 1 branch of the left middle cerebral artery. The previous documentation did not reveal stress related pathology such as hypertension or cardiovascular disease which could be attributed to his work as a police officer. He has a number of pathological findings unrelated to the stress of his job" (NYSCEF Doc. No. 5, ¶ 9).

Yet again, the Board of Trustees referred the instant application to the Medical Board for another evaluation in 2021. The Medical Board once again denied the request for ADR (NYSCEF Doc. No. 6). It observed that "In summary, the sergeant is familiar with the condition called moyamoya disease which is a congenital genetically-caused condition and also the disorder with the carotid artery in the skull which becomes blocked or narrowed, reducing blood

**152035/2022   KIM, RORY vs. SEWELL, KEECHANT ET AL**                    **Page 2 of 4**
 **Motion No.  001**

2 of 4

flow. . . . This may possibly be due to certain genetics and practices in those populations. Apparently neurologic experts now consider this as a direct cause of a stroke as to any contribution by hypertension; there is no evidence that he has had hypertension" (*id*. ¶ 10).

The Board of Trustees then voted on petitioner's application. The result, a 6-6 tie, meant the denial of petitioner's request for ADR. Petitioner insists that respondents' denial of his application for ADR was arbitrary and capricious because respondents failed to adequately rebut the presumption provided by the Heart Bill. He claims that respondents conveniently ignored the clear evidence of hypertension as demonstrated by petitioner's high blood pressure readings during his examinations. Petitioner questions respondents' assertion that his stroke was unrelated to hypertension.

In opposition, respondents assert that they satisfied their burden to rebut the Heart Bill presumption on the ground that petitioner's stroke was likely caused by a congenital disease called Moyamoya disease. Respondents insist that there was no medical evidence that attributed the stroke to petitioner's police work or any other condition.

Petitioner did not submit a reply.

**Discussion**

"The Heart Bill [] provides essentially that any impairment of health caused by diseases of the heart, resulting in total or partial disability or death of any fireman or policeman who successfully passed a physical examination upon entry into the service shall be presumptive evidence that it was incurred in the performance of duty unless the contrary be proved by competent evidence" (*Goldman v McGuire*, 101 AD2d 768, 769, 101 AD3d 768 [1st Dept 1984]).

**152035/2022   KIM, RORY vs. SEWELL, KEECHANT ET AL**
**Motion No.  001**

**Page 3 of 4**

[* 3]

3 of 4

The Court observes that petitioner is absolutely entitled to the statutory presumption provided under the Heart Bill due to his stroke. The Court, therefore, must consider whether or not respondents met their burden to overcome this presumption. Here, the Court denies the petition as the Medical Board attributed petitioner's stroke to a congenital condition and not related to his police work. "The statutory presumption of General Municipal Law § 207–k (Heart Bill) was overcome by credible medical evidence that petitioner's disabling heart condition is congenital and not related to occupational stress" (*Pellicane v Kelly*, 106 AD3d 558, 558, 965 NYS2d 803 [1st Dept 2013]).

"It was the sole province of the Medical Board and the Board of Trustees, not the court, to resolve conflicts in the medical evidence" (*Goodacre v Kelly*, 96 AD3d 625, 626, 947 NYS2d 463 [1st Dept 2012] [reversing a Supreme Court decision granting ADR to petitioner in Heart Bill case]). The fact is that the Medical Board concluded that petitioner's condition was congenital and, unfortunately, that forecloses petitioner's request for ADR. The law is clear: this Court cannot substitute its own judgment for that of the Medical Board or resolve disputes between the Medical Board and petitioner's doctor.

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements.

| 3/11/2024 | | | | | ARLENE P. BLUTH, J.S.C. | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |
| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**152035/2022   KIM, RORY vs. SEWELL, KEECHANT ET AL**
**Motion No.  001**

Page 4 of 4

4 of 4