■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL FLORES, Appellant. [696 NYS2d 823] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered on or about June 11, 1997, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (See, Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Sullivan, J. P., Rosenberger, Lerner, Rubin and Andrias, JJ.

■ In the Matter of STEVEN A. CHRISTIANO, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York and as Chair of the Police Pension Fund, Article II, et al., Respondents. [698 NYS2d 23] —Order, Supreme Court, New York County (Louis York, J.), entered October 17, 1997, which denied petitioner's application pursuant to CPLR article 78 to annul respondents' determination denying his request for accident disability retirement benefits and dismissed the proceeding, unanimously affirmed, without costs.

Respondents' Medical Board found that petitioner's disability arose out of a congenital degenerative arthritic condition rather than a line of duty accident, and as the Medical Board's findings were supported by some credible evidence, the ensuing determination of respondent's Board of Trustees, in reliance upon the Medical Board's findings, to deny petitioner's application for accident disability retirement benefits, may not be judicially disturbed (see, Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 761). Concur—Sullivan, J. P., Rosenberger, Lerner, Rubin and Andrias, JJ.