■ In the Matter of FRANK C. SANTORO, Appellant, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT ARTICLE 1-B PENSION FUND et al., Respondents. [629 NYS2d 484] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department Article 1-B Pension Fund, dated October 1, 1992, which denied the petitioner's application for accidental disability retirement, the petitioner appeals from a judgment of the Supreme Court, Kings County (Vinik, J.), entered October 27, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Where conflicting evidence and medical reports are presented before the Medical Board of the New York City Fire Department Article 1-B Pension Fund, it is solely within the province of the Medical Board and the Board of Trustees to resolve the conflict (*see, Matter of Manza v Malcolm*, 44 AD2d 794). The Medical Board's determination that the petitioner had not established that he was permanently disabled under either the Lung Bill (Administrative Code of City of New York § 13-354) or the Heart Bill (General Municipal Law § 207-k) was based upon credible evidence. Thus, the Board of Trustees' determination in reliance upon the Medical Board's recommendation was not arbitrary or capricious (*see, Matter of Manza v Malcolm, supra; Matter of Bartsch v Board of Trustees*, 142 AD2d 577). It is well settled that the courts cannot weigh the medical evidence or substitute their own judgment for that of the Medical Board (*see, Matter of Brady v City of New York*, 22 NY2d 601; *Matter of Appleby v Herkommer*, 165

AD2d 727). The Supreme Court properly upheld the Board's determination (*see, Nicolosi v Board of Trustees*, 198 AD2d 282; *Matter of Shedd v Board of Trustees*, 177 AD2d 632). Sullivan, J. P., O'Brien, Thompson and Santucci, JJ., concur.