OPINION OF THE COURT
Chief Judge Kaye.
This appeal centers on a determination by the Medical Board of appellant New York City Employees’ Retirement System (NYCERS) that respondent was not physically disabled for the purpose of performing city-service. We now consider the proper standard for judicial review of that determination.
In the early morning hours of December 25, 1990, while working at Rikers Island Correctional Facility as an Assistant Deputy Warden, respondent allegedly slipped on loose carpeting in the supervisors’ bathroom ánd suffered injuries to her neck, shoulder, back, and right hand and wrist. There were no eyewitnesses to the incident. Respondent was immediately examined by a Department of Correction clinical physician who diagnosed her right hand as sprained. The physician noted that respondent had some degree of neck discomfort but had full range of motion. A week later, another physician with the Department’s Health Management Division, after examining respondent, reported that she may have sustained a concussion in the fall. An X ray of respondent’s right hand revealed that there was no fracture.
Approximately two months later, respondent’s physician (Dr. Carlisle St. Martin) concluded from a number of neurological tests that she was suffering from postconcussion syndrome and cervical and lumbosacral sprains. An electroencephalogram was inconclusive, but a Magnetic Resonance Imaging (MRI) scan of respondent’s cervical spine on April 30, 1991 revealed a herniated disc at the C5-C6 interspace, a "prominent annulus” at the C6-C7 interspace and a slight reversal of the spine’s normal curvature. There were no "other focal abnor *759 malities” and no "abnormalities of the brain stem or spinal cord.”
In August 1991, the Department applied to NYCERS requesting that respondent — who had been on sick leave for the seven months since the incident — be considered for disability benefits.
In that connection, on January 29, 1992, respondent was examined by the three NYCERS Medical Board physicians. At that time she complained of constant headaches, blurred vision, neck pain and weakness of her left arm. The Medical Board found that the motion in her cervical spine was limited, the grip of her left hand was weak, and her left paracervical and left trapezius muscles were painful to ordinary touch. The Board noted, however, that respondent could adequately extend both arms, the measurements of her left arm and forearm were equal to the right, the deep tendon reflexes of both of her arms were normal and she showed no signs of a hernial defect. The Board concluded that respondent’s complaints did not "substantiate the claim of disability” and recommended to the NYCERS Board of Trustees that she be denied disability benefits.
Respondent then obtained written opinions from her own doctors contradicting the Board’s findings. Dr. St. Martin opined that, based on his examination and test results, respondent suffered from cervical disc disease, was "unfit for any type of duty” and should "be removed from the workplace.” Dr. Harvey Levine, an orthopedic surgeon, writing to the attorney representing respondent on her claim for Social Security disability benefits, noted that because respondent had a herniated C6 disc and radiculitis (an inflammation of the nerve root) on the left side of her body, she would not be able "to function in any meaningful capacity.”
Following a determination by a Workers’ Compensation Board physician that respondent was "partially disabled,” the Medical Board reconsidered her application for accidental disability retirement, including the new reports of Dr. St. Martin and Dr. Levine. After reviewing her entire file and reinterviewing and reexamining her, the Medical Board again concluded that respondent was not medically disabled for the performance of city-service and recommended to the Board of Trustees that her request be denied. Some time after the Medical Board reported its findings to the Board of Trustees, the Social Security Administration approved respondent’s claim for disability benefits.
*760 After the NYCERS Board of Trustees denied respondent’s request for accidental disability retirement benefits, respondent commenced a CPLR article 78 proceeding seeking to annul the determination. Supreme Court dismissed her petition, but the Appellate Division reversed and granted respondent’s application for an accident disability pension. We now reverse and dismiss the petition.
The award of accidental disability retirement benefits to a NYCERS applicant is a two-step process (see, Administrative Code of City of NY § 13-168 [a]). The first step involves fact finding by the NYCERS Medical Board (see also, Administrative Code § 13-123 [a] [composition of Medical Board]). After conducting its own medical examination of the applicant and considering the evidence submitted in support of the claim, the Medical Board, as a threshold matter, must certify whether the applicant is actually "physically or mentally incapacitated for the performance of city-service.” (Administrative Code § 13-168 [a].) If the Medical Board concludes that the applicant is disabled, it must then make a recommendation to the Board of Trustees as to whether the disability was "a natural and proximate result of an accidental injury received in such city-service” (id.).
The second step in the process involves the NYCERS Board of Trustees (see also, Administrative Code § 13-103 [b] [composition of Board of Trustees]). If the Medical Board certifies that the applicant is not medically disabled for duty, the Board of Trustees must accept that determination and deny applicant’s claim. The Board of Trustees is equally bound by a Medical Board finding that the applicant is disabled, but in that event it must then make its own evaluation as to the Medical Board’s recommendation regarding causation.
In an article 78 proceeding challenging the disability determination, the Medical Board’s finding will be sustained unless it lacks rational basis, or is arbitrary or capricious (see, Matter of Canfora v Board of Trustees, 60 NY2d 347, 351; Matter of Pell v Board of Educ., 34 NY2d 222, 230-231).
Ordinarily, a Medical Board’s disability determination will not be disturbed if the determination is based on substantial evidence (see, Matter of Tobin v Steisel, 64 NY2d 254, 259; Matter of Canfora v Board of Trustees, supra). While the quantum of evidence that meets the "substantial” threshold cannot be reduced to a formula, in disability cases the phrase has been construed to require "some credible evidence” (see, e.g., Matter *761 of Longo v City of New York, 178 AD2d 253, 255, affd 79 NY2d 1011; Matter of Goldman v McGuire, 101 AD2d 768, 770, affd 64 NY2d 1041; Matter of Belnavis v Board of Trustees, 84 AD2d 244, 248; Matter of Manza v Malcolm, 44 AD2d 794; Matter of Drayson v Board of Trustees, 37 AD2d 378, 380, affd 32 NY2d 852). "Some credible evidence” strikes a proper balance between deference to the Medical Board and accountability to NYCERS members.
Here, the Medical Board’s determination was based on "some credible evidence” and was not arbitrary or capricious. The Appellate Division faulted the Medical Board for "solely” describing respondent’s condition in terms of her subjective complaints of pain, for basing its determination on "questionable clinical evidence garnered from its own examination” and for ignoring the "conclusive proof’ of disability provided by the results of the MRI scan — all of which the court deemed "irrational.” (218 AD2d 523.) Such a view of the record was erroneous.
Although the Medical Board did consider respondent’s subjective complaints of pain when determining disability, the record makes clear that it went beyond them. As the Medical Board found, the medical evidence submitted by respondent— including the MRI — was not dispositive on the issue of disability but was subject to conflicting interpretations. The Board alone had the authority to resolve such conflicts (see, Matter of Tobin v Steisel, supra, at 258-259; Matter of Cassidy v Ward, 169 AD2d 482, 483). In each of its two final reports submitted to the Board of Trustees, the Medical Board detailed what medical proof had been considered, specified the nature of respondent’s complaints and outlined the results of its physical examinations of respondent, concluding that respondent’s physical condition was not disabling for duty.
In the end, the Appellate Division here did what it should not do: "substitute [its] own judgment for that of the Medical Board” (Matter of Santoro v Board of Trustees, 217 AD2d 660, 660-661, citing Matter of Brady v City of New York, 22 NY2d 601; Matter of Appleby v Herkommer, 165 AD2d 727). Thus, the court erred in overturning the Medical Board’s finding regarding disability, and additionally erred in granting an accident disability pension, which is dependent on a finding of causation as well as disability.
Accordingly, the order of the Appellate Division should be reversed, with costs, and respondent’s article 78 petition dismissed.
*762 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order reversed, etc.