■ In the Matter of the Claim of Jeffrey R. Blaine, Appellant, v Unum Life Insurance Company et al., Respondents. Workers' Compensation Board, Respondent. [670 NYS2d 989] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed March 7, 1996.

In March 1990, claimant suffered a nonwork-related injury to his right foot which disabled him from performing his duties as an MCI Telecommunications Corporation salesperson. His period of disability began on July 8, 1991. At that time, claimant and MCI were disputing the amount of employer-sponsored bonuses to which he claimed entitlement for the 1990 sales year, claimant having alleged that he was owed an additional $182,394.98 beyond his base pay, a sum which MCI sharply disputed. By settlement agreement dated August 9, 1991, MCI agreed to pay—and claimant agreed to accept—the sum of $88,000 in full settlement of this dispute.

After a hearing on claimant's application for disability benefits, the Workers' Compensation Law Judge (hereinafter WCLJ) calculated claimant's average weekly wage by including the $88,000 settlement figure. MCI and its disability carrier, Unum Life Insurance Company, sought administrative review

---

of this decision, objecting to the inclusion of the settlement amount in the average weekly wage calculation. In responding to their objections, claimant argued that his average weekly wage should be based on inclusion of the disputed $182,394.98 figure. The Workers' Compensation Board remitted the matter for development of the record as to when the bonus was due and owing, and whether "established and customary payroll practices" were utilized in calculating the bonus or if Workers' Compensation Law § 357.2 (b) could be rationally interpreted to apply to this situation. It also required development of the record regarding claimant's compensable disability period pursuant to Workers' Compensation Law § 201 (9) (A).

Upon remittal, the WCLJ determined that the settlement was due and owing on June 14, 1991, which was within the applicable eight-week period prior to claimant's disability, and should be included in calculating the amount of disability benefits. MCI and Unum again sought administrative review following which the Board agreed with the WCLJ, finding that the settlement was calculated in accordance with Workers' Compensation Law § 357.2 (a) and was properly included in the average weekly wage calculation.* It further found that the $88,000 was an annual bonus (see, Workers' Compensation Law § 379.1) and that the record was not sufficiently developed in regard to claimant's disability period after November 14, 1991. It therefore remitted the matter for development of that issue. Claimant appeals, contending that the calculation of his average weekly wage and the decision to remit the issue of his disability period were in error.

Contrary to claimant's contention, the Board did not err in its calculation of claimant's average weekly wage for purposes of determining the amount of his disability benefits. Wages not actually paid during the relevant eight-week period may nonetheless be "deemed paid" if they are so determined by an established and customary payroll practice of the employer (see, Workers' Compensation Law § 357.2 [a]) or if they are determined by agreement after a dispute (see, Workers' Compensation Law § 357.2 [b]). The Board found, and the record supports, that the bonus was determined in accordance with Workers' Compensation Law § 357.2 (a) and therefore is properly includable in the total amount of compensation paid during the eight-week period preceding the date of disability

---

* Contrary to the dissent's interpretation, we read that portion of the Board's decision that refers to the disputed $182,394.98 not to be a *finding* that that amount is "earnings" but, rather, a mere reference to the details of the parties' bonus dispute, which was resolved by the $88,000 settlement.

(*see*, Workers' Compensation Law § 201 [13]). Since the Board included the $88,000 settlement in the calculation of earnings for determining claimant's disability benefits, a sum which the parties themselves agreed upon, the Board's decision was certainly based upon more than " 'some credible evidence' " (*Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760) and should be affirmed in all respects.

We reject claimant's additional challenges to the calculation of his average weekly wage, including his contention that the 1991 bonus should not be annualized (*see*, Workers' Compensation Law § 379.1). Finally, because the issue concerning the period of claimant's disability has been remitted and therefore has not been finally determined by the Board, we decline to review it.

White and Peters, JJ., concur.

Mikoll, J. P. (concurring in part and dissenting in part). Workers' Compensation Law § 357.2 reads, in pertinent part, as follows:

"Amounts not actually paid shall be deemed paid:

"(a) as of the day when the amount thereof both has been calculated and has become due, as determined by the established and customary payroll practices of the employer".

We note that in finding that the annual bonus of $182,394.98 was a calculation according to MCI Telecommunications Corporation's "established and customary practices", notwithstanding its election to cap bonuses at 150% of base earnings, the Workers' Compensation Board concluded that the $88,000 was part of claimant's earnings pursuant to Workers' Compensation Law § 357.2 (a) and should be included in claimant's average weekly wage to calculate the amount of benefits.

Given this finding, we conclude that the Board's inclusion of only a portion of the "wages paid" is in error; the actual bonus amount due should be utilized, that is $182,394.98. Wages are to be calculated on actual work done and time spent as the real test of wages for calculating workers' compensation benefits.

Crew III, J., concurs. Ordered that the decision is affirmed, without costs.