■ In the Matter of LAWRENCE E. BARNETT, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [695 NYS2d 604] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated March 6, 1997, denying the petitioner's application for a service-connected accidental disability retirement pension, the petitioner appeals from a judgment of the Supreme Court, Kings County (Garry, J.), dated April 27, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The issue of whether a firefighter is disabled is determined by the Medical Board of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Medical Board). The Medical Board's determination is conclusive if supported by

"any credible evidence" and is not irrational (*see, e.g., Matter of Meyer v Board of Trustees*, 90 NY2d 139, 145; *Matter of Borenstein v New York City Employees' Retirement Sys.,* 88 NY2d 756, 760; *Matter of Schwarzrock v Board of Trustees*, 238 AD2d 596, 597). Here, the Medical Board performed its own physical examination of the petitioner, and concluded that he was not disabled. In addition, the record contains several negative magnetic resonance imaging reports, electromyographs, and neurological studies. Based on the credible evidence before the Medical Board, its determination was not irrational (*see, e.g., Matter of Meyer v Board of Trustees, supra,* at 149-150; *Matter of Monahan v Bratton,* 233 AD2d 274; *Matter of Cassidy v Ward,* 169 AD2d 482; *Matter of D'Angelo v Ward,* 159 AD2d 425; *Matter of Tripi v Ward,* 158 AD2d 336; *Matter of Krolowitz v Regan,* 97 AD2d 902; *Matter of Murgia v Regan,* 90 AD2d 897). Accordingly, the judgment must be affirmed (*see, e.g., Matter of Santoro v Board of Trustees*, 217 AD2d 660, 661).

The appellant's remaining contentions are without merit. Ritter, J. P., Thompson, Altman and Friedmann, JJ., concur.