■ In the Matter of ELVIA DREW, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM (NYCERS), Respondent. [758 NYS2d 500] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated February 15, 2001, which denied the petitioner's application for disability retirement, the petitioner appeals from a judgment of the Supreme Court, Kings County (M. Garson, J.), dated February 27, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board) determines whether a member is disabled (*see* Administrative Code of City

of NY § 13-167 [b]). The Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) is bound by the Medical Board's determination that an applicant is or is not disabled (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760 [1996]). The Medical Board's determination is conclusive if it is supported by some credible evidence and is not irrational (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145 [1997]; *Matter of Borenstein v New York City Employees' Retirement Sys., supra* at 761; *Matter of Inguanta v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 302 AD2d 527 [2003]; *Matter of Barnett v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 264 AD2d 840 [1999]).

Here, the Medical Board performed two physical examinations of the petitioner. In addition, the record demonstrates that the Medical Board considered all of the additional medical evidence submitted by the petitioner, including normal findings of magnetic resonance imaging studies of the cervical and lumbar spine, and an essentially normal ultrasonic examination of the abdomen. Although the medical conclusions of the petitioner's treating physicians differed from those of the Medical Board, the resolution of such conflicts is the sole province of the Medical Board (*see Matter of Borenstein v New York City Employees' Retirement Sys., supra* at 761; *Matter of Tobin v Steisel*, 64 NY2d 254, 258-259 [1985]; *Matter of Barnett v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, supra*; *Matter of Santoro v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 217 AD2d 660 [1995]). Based upon the credible evidence before the Medical Board, its determination was not irrational (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, supra* at 149-150; *Matter of Borenstein v New York City Employees' Retirement Sys., supra* at 760; *Matter of Barnett v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, supra* at 841). Accordingly, the Board of Trustees properly denied the petitioner's application for disability retirement.

The petitioner's remaining contention is without merit. S. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.