■ In the Matter of ROSIE RAMSEY, Appellant, v CITY OF NEW YORK et al., Respondents. [777 NYS2d 701]—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated May 16, 2002, which adopted the recommendation of its Medical Board and denied the petitioner's application for ordinary disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), dated March 14, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The issue of whether or not the Supreme Court was required to hold a hearing prior to making a determination on the petition was improperly raised for the first time in the petitioner's reply papers, and therefore is not properly before this Court (*see McCarthy v City of New York*, 5 AD3d 445 [2004]; *Medugno v City of Glen Cove*, 279 AD2d 510, 511-512 [2001]; *Cumpston v Marcinkowska*, 275 AD2d 340, 341 [2000]; *Fischer v Edward M. Weiland, M.D., P.C.*, 241 AD2d 439 [1997]; *cf. Hoffman v City of New York*, 301 AD2d 573, 574 [2003]). In any event, the issue of whether an employee is disabled is determined by the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board) (*see* Administrative Code of City of NY § 13-167 [b]). The Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) is bound by a Medical Board finding that an applicant is not disabled for duty (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760 [1996]). The Medical Board's determination is conclusive if it is not irrational, arbitrary, or capricious (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139 [1997]; *Matter of Borenstein v New York City Employees' Retirement Sys.*, supra at 761; *Matter of Barnett v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 264 AD2d 840, 841 [1999]). Here, although the medical conclusions of the petitioner's treating physicians differed from those of the Medical Board, the resolution of such conflicts is within the sole province of the Medical Board (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, supra; *Matter of Tobin v Steisel*, 64 NY2d 254, 258-259 [1985]; *Matter of Barnett v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, supra at 841; *Matter of Santoro v Board of Trustees of N.Y. City Fire*

*Dept. Art. 1-B Pension Fund,* 217 AD2d 660 [1995]). Based upon the credible evidence before the Medical Board, the determination of the Board of Trustees was neither irrational nor arbitrary or capricious (*see Matter of Borenstein v New York City Employees' Retirement Sys., supra* at 760; *Matter of Barnett v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, supra*), and the Supreme Court properly declined to conduct a hearing on this issue.

The petitioner's remaining contentions are improperly raised for the first time on appeal (*see Gardner v Continuing Dev. Servs.,* 292 AD2d 838, 839 [2002], *lv denied* 98 NY2d 612 [2002], *cert denied* 537 US 1201 [2003]; *Roberts v Gross,* 100 AD2d 540, 541 [1984]; *Emmer v Emmer,* 69 AD2d 850, 851 [1979]). Santucci, J.P., Smith, Crane and Fisher, JJ., concur.