■ In the Matter of LARRY HOLZBERG, Appellant, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents. [788 NYS2d 46]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered June 26, 2003, which denied petitioner's application to annul respondent Board of Trustees' determination

denying petitioner's application for reinstatement as a lieutenant in the New York City Police Department, and dismissed the petition, unanimously affirmed, without costs.

Petitioner's application for reinstatement was duly processed in accordance with Administrative Code of the City of New York § 13-254 (Safeguards on Disability Retirement). Petitioner was examined twice by the Medical Board, which concluded, based upon its clinical evaluation and review of petitioner's records, that petitioner was not totally or partially disabled and was able to engage in gainful employment, but not as a full-duty New York City police officer. The Executive Director of the Board of Trustees then certified petitioner for placement as a preferred eligible on appropriate lists of candidates for nonpolice positions. The certification noted that petitioner was gainfully employed by the Immigration and Naturalization Service as an immigration officer (a position described by a Police Department psychologist as "low stress"), and attached the Medical Board's reports noting that petitioner was not mentally fit to cope with the stresses of full-time police work. The finding of unfitness is supported by some credible evidence, including clinical interviews of petitioner by a Police Department psychologist and the Medical Board itself, which was entitled to rely on its own findings rather than the conflicting findings of petitioner's physicians (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760-761 [1996]; *Matter of Toole v Board of Trustees*, 306 AD2d 55 [2003]; *Matter of Dabney v New York City Employees' Retirement Sys.*, 256 AD2d 86 [1998]). We have considered petitioner's claim that the denial of his application for reinstatement unlawfully discriminates against him on the basis of mental disability, and find it to be without merit (*see Sutton v United Air Lines, Inc.*, 527 US 471, 491-494 [1999]; *Equal Empl. Opportunity Commn. v J.B. Hunt Transp., Inc.*, 321 F3d 69, 75 [2d Cir 2003]; *Daley v Koch*, 892 F2d 212 [2d Cir 1989]; *Massaro v Mercado*, 276 AD2d 445 [2000]). Concur—Buckley, P.J., Mazzarelli, Saxe, Friedman and Catterson, JJ.