In the Matter of NICHOLAS IMBRIALE, Respondent, v BOARD OF TRUSTEES OF NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Sued Herein as BOARD OF TRUSTEES OF NYCERS, et al., Appellants. [816 NYS2d 160]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System, dated July 9, 2005, which denied the petitioner's application for accident disability retirement benefits pursuant to Retirement and Social Security Law § 605-b, the appeal is from a judgment of the Supreme Court, Kings County (Douglass, J.), dated May 9, 2005, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed on the merits, and the determination is reinstated.

The Board of Trustees of the New York City Employees' Retirement System (hereinafter NYCERS) properly denied the petitioner's application for accident disability retirement benefits pursuant to Retirement and Social Security Law § 605-b. In 1995, when the petitioner was awarded ordinary disability retirement benefits, NYCERS' Medical Board (hereinafter the Medical Board) determined that the petitioner's disabling condition was not caused by the on-duty right knee injury he sustained on June 20, 1994, but by "morbid obesity, chronic varicose and stasis changes to the skin of his legs, with inflammation." Upon consideration of the petitioner's application for accident disability retirement benefits under Retirement and Social Security Law § 605-b, dated November 8, 2002, the Medical Board, on April 28, 2003 recommended the denial of the ap-

plication, since, as the Medical Board had previously determined, the petitioner became disabled as a result, inter alia, of morbid obesity, and not as a result of the 1994 knee injury. NYCERS was bound by the Medical Board's determination as to disability (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756 [1996]; *Matter of Ramsey v City of New York*, 8 AD3d 392 [2004]; *Matter of Drew v New York City Employees' Retirement Sys.*, 305 AD2d 408, 409 [2003]; *Matter of Inguanta v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 302 AD2d 527 [2003]). The Medical Board's determination that the petitioner did not establish a disability as a result of the June 20, 1994 knee injury is supported by some credible evidence (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145-147 [1997]; *Matter of Aitola v New York City Employees' Retirement Sys.*, 25 AD3d 604 [2006]; *Matter of Inguanta v Board of Trustees of N.Y. City Fire Dept., supra* at 527). Based upon the credible evidence before the Medical Board, NYCERS's determination was neither irrational nor arbitrary or capricious (*see Matter of Borenstein v New York City Employees' Retirement Sys., supra* at 760; *Matter of Aitola v New York City Employees' Retirement Sys., supra* at 604; *Matter of Ramsey v City of New York, supra* at 392-393). Accordingly, the Supreme Court erred in substituting its own judgment for that of the Medical Board (*see Matter of Schwarzrock v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 238 AD2d 596, 597 [1997]).

The petitioner's remaining contentions are without merit. Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.