In the Matter of JOHN STEPHENSON, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [825 NYS2d 257]—

In a proceeding pursuant to CPLR article 78 to review a de-

termination of the respondent New York City Employees' Retirement System, inter alia, not to process the petitioner's second application for disability retirement benefits under Retirement and Social Security Law § 507-c and to compel the respondent's Medical Board to process his application and to reexamine him, the appeal is from a judgment of the Supreme Court, Kings County (Partnow, J.), dated September 21, 2005, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On October 1, 2001, the Medical Board of the respondent New York City Employees' Retirement System (hereinafter NYCERS) determined that the petitioner failed to establish that he was disabled and unable to perform the duties of a correction officer. As a result, the NYCERS Board of Trustees denied the petitioner's application for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 507-c. A few months later, after receiving a favorable disability determination from the Social Security Administration (hereinafter SSA), the petitioner filed a second application under Retirement and Social Security Law § 507-c. In response to several requests from the Medical Board for the submission of new medical evidence, the petitioner submitted a report from a physician who had recently performed an EMG on him. The Medical Board, as part of its investigation into the first application, had considered reports from this same physician and determined that the newly-submitted information was not significantly different from the previous submissions. It thus determined that there was insufficient evidence to schedule the petitioner for another interview and examination, and closed his file.

Contrary to the petitioner's contention, the determination not to process his second application for benefits under Retirement and Social Security Law § 507-c, after his first application for the same benefits had been fully considered and denied, was neither irrational nor arbitrary or capricious (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756 [1996]; *Matter of Imbriale v Board of Trustees of N.Y. City Employees' Retirement Sys.*, 29 AD3d 995 [2006]; *Matter of Aitola v New York City Employees' Retirement Sys.*, 25 AD3d 604, 605 [2006]; *Matter of Ragin v New York City Employees' Retirement Sys.*, 19 AD3d 603, 604 [2005]). Further, a determination by SSA does not control the Medical Board's disability determination (*see Matter of Kalachman v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 224 AD2d 619, 620 [1996]).

Although the petitioner contends that he is entitled to relief in the nature of mandamus compelling the Medical Board to process his application and to reexamine him, he has not established his entitlement to such relief. The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only where there exists a clear legal right to the relief sought (*see Shockome v Amodeo,* 32 AD3d 961 [2006]). The petitioner has not demonstrated that the relief he seeks is solely the performance of a ministerial act or that he has a clear legal right to be reexamined or to the processing of any otherwise duplicative application. Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.