■ In the Matter of JOHN DOTZLER, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM (NYCERS), Respondent.
[825 NYS2d 751]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, New York City Employees' Retirement System (NYCERS), dated July 8, 2004, which denied the petitioner's application for accident disability retirement benefits pursuant to Retirement and Social Security Law § 605-b, the appeal is from a judgment of the Supreme Court, Kings County (F. Rivera, J.), dated August 5, 2005, which denied the petition, and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Board of Trustees of the respondent, New York City Employees' Retirement System (NYCERS) (hereinafter the Board of Trustees), properly denied the petitioner's application for accident disability retirement benefits pursuant to Retirement and Social Security Law § 605-b. In April 2001 the petitioner was awarded ordinary disability retirement benefits after the Medical Board of the respondent (hereinafter the Medical Board) determined that the disabling condition was a cervical diskectomy and fusion resulting from a neck injury sustained on August 5, 1999. On November 12, 2002 the petitioner applied for accident disability retirement benefits under Retirement and Social Security Law § 605-b on the basis of an injury to his right knee and back sustained in an on-the-job incident on March 8, 2000. The Medical Board recommended the denial of the application, finding that the petitioner was not disabled as a result of the March 8, 2000 injury to his right knee and back, but, as previously determined by the Medical Board, the disability was to his cervical spine. The petitioner submitted no evidence that this injury was service-related or caused by an on-the-job incident.

The Board of Trustees was bound by the finding of the Medical Board as to disability because it was supported by some credible evidence (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756 [1996]; *Matter of Sorrenti v New York City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145-147 [1997]). Based upon the credible evidence before the Medical Board, the determination of the Board of Trustees was neither irrational nor arbitrary and capricious (*see Matter of Borenstein v New York City Employees' Retirement Sys., supra; Matter of Imbriale v Board of Trustees of N.Y. City Employees' Retirement Sys.*, 29 AD3d 995 [2006]). Contrary to the petitioner's contention, although the reports and conclusions of his physicians differed from those of the Medical Board, it was solely within the province of the Medical Board to resolve the conflict (*see Matter of Ramsey v City of New York*, 8 AD3d 392 [2004]; *Matter of Santoro v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 217 AD2d 660 [1995]).

The petitioner's remaining contentions are without merit. Schmidt, J.P., Mastro, Fisher and Dillon, JJ., concur.