In the Matter of PHILIP L. SUPPAN, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM (NYCERS), Respondent. [829 NYS2d 220]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System, dated April 9, 2004, which, inter alia, adopted the recommendation of the Medical Board of the New York City Employees' Retirement System and denied the petitioner's application for accident disability retirement benefits pursuant to Retirement and Social Security Law § 605-

b, the petitioner appeals from a judgment of the Supreme Court, Kings County (Kramer, J.), dated May 13, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The issue of whether an employee is disabled is determined by the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board) (*see* Administrative Code of City of NY § 13-167 [b]). The Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) is bound by a Medical Board finding that an applicant is disabled for duty (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760 [1996]; *cf. Matter of Ramsey v City of New York*, 8 AD3d 392 [2004]). The Board of Trustees must then "make its own evaluation as to the Medical Board's recommendation regarding causation" (*Matter of Borenstein v New York City Employees' Retirement Sys., supra* at 760). The determination of the Board of Trustees and the Medical Board is conclusive if it is not irrational, arbitrary, or capricious (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139 [1997]; *Matter of Borenstein v New York City Employees' Retirement Sys., supra* at 761; *Matter of Barnett v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 264 AD2d 840, 841 [1999]).

Here, although the medical conclusions of the petitioner's treating physicians differed somewhat from those of the Medical Board, the resolution of such conflicts is within the sole province of the Medical Board (*see Matter of Borenstein v New York City Employees' Retirement Sys., supra; Matter of Tobin v Steisel*, 64 NY2d 254, 258-259 [1985]; *Matter of Ramsey v City of New York, supra* at 392-393; *Matter of Ackalitis v Murphy*, 5 AD3d 381, 382 [2004]). Based upon the credible evidence before the Medical Board, the determination of the Board of Trustees was neither irrational, nor arbitrary and capricious (*see Matter of Borenstein v New York City Employees' Retirement Sys., supra; Matter of Barnett v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, supra*). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Spolzino, J.P., Ritter, Covello and Balkin, JJ., concur.