■ In the Matter of CHARLES DITTRICH, Appellant, v BOARD OF TRUSTEES, POLICE PENSION FUND, ARTICLE II, et al., Respondents. [831 NYS2d 134]—Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered September 30, 2005, which denied petitioner police officer's application to annul respondents' determination denying petitioner an accidental disability retirement, and dismissed the petition, unanimously affirmed, without costs.

The application court correctly held that the determination that petitioner is not disabled is supported by credible evidence, and aptly noted that any conflicts in the medical evidence were for the Medical Board to resolve (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760-761 [1996]). We would only add that insofar as petitioner relies on the fact that he has not been returned to full duty since the shooting that allegedly caused his claimed post-traumatic stress disorder, his uninterrupted limited duty status was not on account of any recommendations by Police Department mental health professionals. It has been the consistent position of the Department's Psychological Services Unit that petitioner can be returned to full duty with firearms. Concur—Andrias, J.P., Sullivan, Williams, Sweeny and Malone, JJ.