■ In the Matter of BRUCE R. ZAMELSKY, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [865 NYS2d 682]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated December 9, 2005, which denied the petitioner's application for disability retirement, the

petitioner appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), dated December 18, 2006, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board) determines whether a member is disabled (*see* Administrative Code of City of NY § 13-167 [b]). The Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) is bound by the Medical Board's determination as to whether an applicant is disabled (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760 [1996]). The Medical Board's determination is conclusive if it is supported by some credible evidence and is not irrational (*id.* at 761; *see Matter of Drew v New York City Employees' Retirement Sys.*, 305 AD2d 408, 409 [2003]; *see Matter of Inguanta v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 302 AD2d 527 [2003]; *Matter of Barnett v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 264 AD2d 840 [1999]).

Here, the Medical Board performed three physical examinations of the petitioner. The record demonstrates that the Medical Board considered all of the medical evidence submitted by the petitioner, including magnetic resonance imaging reports that had been interpreted by radiologists as showing that there was no change in the petitioner's pre-existing spinal condition as a result of a July 2000 accident. Further, the Supreme Court properly determined that any medical records dated subsequent to the Medical Board's last review in 2005 could not be considered in reviewing the Medical Board's determination (*see Matter of Kelly v Safir*, 96 NY2d 32, 39 [2001]). Although the medical conclusions of some of the petitioner's treating physicians differed from those of the Medical Board, the resolution of such conflicts is solely within the province of the Medical Board (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d at 761; *Matter of Tobin v Steisel*, 64 NY2d 254, 258-259 [1985]; *Matter of Santoro v Board of Trustees of N.Y. City Fire Dept. Art. 1-B Pension Fund*, 217 AD2d 660 [1995]). Based upon the credible evidence before the Medical Board, its determination was not irrational (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 149-150 [1997]; *Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d at 760; *Matter of Marzigliano v New York City Employees' Retirement Sys. [NYC-ERS]*, 27 AD3d 748 [2006]; *Matter of Drew v New York City Employees' Retirement Sys.*, 305 AD2d 408 [2003]; *Matter of*

*Inguanta v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 302 AD2d 527 [2003]; *Matter of Barnett v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 264 AD2d at 841).

The petitioner's remaining contention is without merit. Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.