■ In the Matter of ALEX VARGAS, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [945 NYS2d 364]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated December 11, 2009, which denied the petitioner's application for accidental disability

retirement benefits pursuant to Retirement and Social Security Law § 605-b, the petitioner appeals from a judgment of the Supreme Court, Kings County (Rothenberg, J.), dated December 3, 2010, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board) determines whether a member applying for accidental disability retirement benefits is disabled (*see* Administrative Code of City of NY § 13-167 [b]). The Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) is bound by the Medical Board's determination as to whether an applicant is disabled (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 144 [1997]; *Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760 [1996]; *Matter of Zamelsky v New York City Employees' Retirement Sys.*, 55 AD3d 844, 845 [2008]). The Medical Board's determination is conclusive if it is supported by some credible evidence and is not irrational (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d at 761; *Matter of Zamelsky v New York City Employees' Retirement Sys.*, 55 AD3d at 845; *Matter of Suppan v New York City Employees' Retirement Sys. [NYCERS]*, 37 AD3d 474, 475 [2007]; *Matter of Imbriale v Board of Trustees of N.Y. City Employees' Retirement Sys.*, 29 AD3d 995, 996 [2006]).

Here, the record demonstrates that the Medical Board considered all of the medical evidence submitted by the petitioner, interviewed the petitioner, and performed its own physical examination of him. Although the medical conclusions of some of the petitioner's treating physicians differed from that reached by the Medical Board, the resolution of such conflicts is solely within the province of the Medical Board (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d at 761; *Matter of Zamelsky v New York City Employees' Retirement Sys.*, 55 AD3d at 845; *Matter of Suppan v New York City Employees' Retirement Sys. [NYCERS]*, 37 AD3d at 475; *Matter of Dotzler v New York City Employees' Retirement Sys. [NYCERS]*, 35 AD3d 603, 604 [2006]). Based upon the credible evidence before the Medical Board, the determination of the Board of Trustees was not an irrational one and was supported by some credible evidence (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d at 144; *Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d at 760; *Matter of Zamelsky v New York City*

*Employees' Retirement Sys.*, 55 AD3d at 845; *Matter of Suppan v New York City Employees' Retirement Sys. [NYCERS]*, 37 AD3d at 475; *cf. Matter of Vastola v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 37 AD3d 478, 478 [2007]).

Additionally, contrary to the petitioner's contention, a disability determination by the Workers' Compensation Board does not control the Medical Board's disability determination (*see Matter of Stephenson v New York City Employees' Retirement Sys.*, 35 AD3d 484, 485 [2006]; *Matter of Knight v New York State & Local Employees' Retirement Sys.*, 266 AD2d 774, 776 [1999]; *cf. Matter of Kalachman v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 224 AD2d 619, 620 [1996]).

The petitioner's remaining contentions are without merit or not properly before this Court. Angiolillo, J.P., Lott, Roman and Miller, JJ., concur.