Matter of McMikle v Department of Educ. of the City of N.Y. (2021 NY Slip Op 01514)





Matter of McMikle v Department of Educ. of the City of N.Y.


2021 NY Slip Op 01514


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 655932/18 Appeal No. 13367 Case No. 2020-02012 

[*1]In the Matter of Ashley McMikle, Petitioner-Appellant,
v
The Department of Education of the City of New York, et al., Respondents-Respondents.


Stewart Lee Karlin Law Group, P.C., New York (Stewart Lee Karlin of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about September 26, 2019, which denied the petition to annul a medical arbitration determination, dated September 14, 2018, sustaining the partial denial of petitioner's application for line of duty injury (LODI) leave, and granted respondents' cross motion to dismiss the proceeding brought pursuant to CPLR articles 75 and 78, unanimously affirmed, without costs.
Since respondent medical arbitrator complied with the LODI review provisions of the collective bargaining agreement between respondent union, of which petitioner is a member, and respondent Department of Education (DOE) (see CPLR 7506), petitioner failed to demonstrate a violation of due process. Petitioner waived any objection to the process by participating fully in the review (CPLR 7506[f]). The arbitrator's determination was not arbitrary and capricious, but was rational and supported by adequate evidence, namely, petitioner's medical history (see Lackow v Department of Educ. [or "Board"] of City of N.Y., 51 AD3d 563, 567 [1st Dept 2008]).
To the extent this proceeding is more appropriately reviewed under CPLR article 78, we find that the determination was rationally based on the medical evidence before the arbitrator (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]; see also Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760-761 [1996]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021