Matter of Dimino v Shea (2022 NY Slip Op 01239)





Matter of Dimino v Shea


2022 NY Slip Op 01239


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Webber, J.P., Kern, Moulton, González, Mendez, JJ. 


Index No. 152678/20 Appeal No. 15389 Case No. 2021-02908 

[*1]In the Matter of Michael Dimino, Petitioner-Appellant,
v
Dermot F. Shea etc., et al., Respondents-Respondents.


Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Jamison Davies of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about January 20, 2021, denying the petition to annul respondents' determination, dated November 13, 2019, which denied petitioner's application for accidental disability retirement benefits, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court properly concluded that the Medical Board's recommendation was based on objective evidence consisting of a report of a 2015 MRI, as well as a gap in treatment from August 2014 to November 2015. The 2015 MRI found that the condition of petitioner's cervical spine, including the presence of degenerative disc disease, was unchanged from a pre-incident 2008 MRI. The Board of Trustees were entitled to rely on the Medical Board's determination in that it was based on some credible evidence which supported it (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760-762 [1996]).
Petitioner argues that following the line-of-duty injury in August 2014, he suffered a disabling condition on the right side of his body, but in 2008, his injuries were on the left side. However, the Medical Board noted that petitioner failed to provide evidence supporting that claim and the medical reports in the record indicate that petitioner had medical conditions that impacted the right side of his body in 2008, and the left side post-incident (see Matter of Russell v New York City Fire Pension Fund, 192 AD3d 442, 443 [1st Dept 2021]).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022