Matter of Rawlins v Teachers' Retirement Sys. of the City of N.Y. (2022 NY Slip Op 03459)





Matter of Rawlins v Teachers' Retirement Sys. of the City of N.Y.


2022 NY Slip Op 03459


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Pitt, JJ. 


Index No. 159540/20 Appeal No. 16027 Case No. 2021-04507 

[*1]In the Matter of Michele Rawlins, Petitioner-Appellant,
v
Teachers' Retirement System of the City of New York, et al., Respondents-Respondents.


Chet Lukaszewski, P.C., Mineola (Chester Lukaszewski of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.



Order, Supreme Court, New York County (Arthur Engoron, J.), entered on or about November 8, 2021, which denied the petition to annul respondents' determination, dated July 22, 2020, denying petitioner's application for accidental disability retirement (ADR) benefits, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner, a former school principal, claims that she suffers from posttraumatic stress syndrome as a result of an incident that occurred on April 18, 2019, in which a former school cook returned to the school and confronted a school safety officer, demanding that petitioner return some of his possessions. Petitioner alleges that, unbeknownst to the former employee, she witnessed the confrontation from a distance and that she was placed in fear for her life. The police were called to the scene, but the former employee was not arrested. Petitioner never returned to work.
Respondent Teachers' Retirement System's determination that petitioner is not entitled to ADR benefits is not arbitrary and capricious but based on the record (see Matter of Borenstein v New York City Employees Retirement Sys., 88 NY2d 756, 760 [1996]). The Medical Board rationally found that petitioner's injuries resulted not from an accident in the work setting but from "[p]urposeful conduct" by a former coworker, which "is not an accident within the meaning of the pension statute" (see Matter of Kelly v DiNapoli, 30 NY3d 674, 682 [2018] ["a petitioner is entitled to accidental disability retirement benefits when the injury was caused by 'a precipitating accidental event . . . which was not a risk of the work performed'"]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022