| |
|---|
| **Sampson-Thornhill v Caban** |
| 2024 NY Slip Op 30806(U) |
| March 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158804/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**                     PART         14
                                           *Justice*

-------------------------------------------------------------------------X

RENEE SAMPSON-THORNHILL,                              INDEX NO.        158804/2023

                              Petitioner,            MOTION DATE      03/12/2024

                - v -                                MOTION SEQ. NO.      001

EDWARD CABAN, AS THE POLICE COMMISSIONER OF
THE CITY OF NEW YORK, AND AS CHAIRMAN OF THE
BOARD OF TRUSTEES, EX OFFICIO, OF THE POLICE
PENSION FUND, ARTICLE II, THE BOARD OF TRUSTEES       **DECISION + ORDER ON**
OF THE POLICE PENSION FUND, ARTICLE II, NEW              **MOTION**
YORK CITY POLICE DEPARTMENT, THE CITY OF NEW
YORK

                              Respondent.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38

were read on this motion to/for                    ARTICLE 78                     .

The petition to annul a determination denying petitioner's request for Accident Disability

Retirement ("ADR") is denied.

**Background**

Petitioner started working as a police officer in 2008. She contends that she passed all of

her physical and psychological testing. Petitioner alleges that in 2012 she was injured in a line-

of-duty assault and that her injuries from this incident have altered her health and wellbeing. She

describes that while attempting to handcuff a suspect, he fought back and punched her many

times. She also insists that the suspect's girlfriend and mother attacked her as well.

158804/2023   SAMPSON-THORNHILL, RENEE vs. EDWARD CABAN, AS THE POLICE          Page 1 of 5
COMMISSIONER OF THE CITY OF NEW YORK, AND AS CHAIRMAN OF THE BOARD OF
TRUSTEES, EX OFFICIO, OF THE POLICE PENSION FUND, ARTICLE II ET AL
Motion No.  001

1 of 5

Petitioner maintains that the main medical issue she currently faces concerns her bladder. She appeared before the Medical Board, which issued an initial report on November 9, 2021 (NYSCEF Doc. No. 19). The Medical Board noted that petitioner saw a urologist in 2013 (as well as other doctors in 2012 and 2013) and petitioner complained about severe urinary frequency, among other ailments (*id*. at 4). It noted that:

> "In summary, the Medical Board recognizes that the officer worked full duty until June 2019 following which she underwent first implantation and then removal of a stimulator device to manage urinary incontinence. Following these procedures, she was complaining of left lower extremity pain, numbness and weakness. The Medical Board observed significant weakness in the left upper and left lower extremity, which were not documented specifically by her practitioners. The Medical Board is aware that she recently underwent Botox injections to the bladder and some of the left lower extremity symptoms could be attributable to this procedure. The Medical Board also notes that her ability to ambulate did not appear consistent with the weakness demonstrated on her examination. The Medical Board notes that there are no abnormal imaging studies. Specifically, the Medical Board does not have the reported study of MRI. of the cervical spine performed this year for the multiple sclerosis specialists. Neither the Medical Board nor her own treating practitioners are able to specifically tie her disabling condition to the line of duty injury of November 23, 2012" (*id*. at 10).

The Medical Board concluded that petitioner was permanently disabled due to "urinary incontinence" but that she was entitled only to Ordinary Disability Retirement ("ODR"). The Board of Trustees then considered petitioner's application on July 13, 2022 (NYSCEF Doc. No. 25). It remanded the ADR request back to the Medical Board (*id*.).

In a report dated December 6, 2022, the Medical Board adhered to its original determination that petitioner was only entitled to receive ODR (NYSCEF Doc. No. 26 at 3). "The Medical Board notes the lack of contemporaneous records between the years 2013 and 2019, as well as the officer's status for full duty during that period. Also, noted is the lack of definitive explanation for her urological problems within her voluminous record. The Medical

**158804/2023   SAMPSON-THORNHILL, RENEE vs. EDWARD CABAN, AS THE POLICE COMMISSIONER OF THE CITY OF NEW YORK, AND AS CHAIRMAN OF THE BOARD OF TRUSTEES, EX OFFICIO, OF THE POLICE PENSION FUND, ARTICLE II ET AL Motion No.  001**

**Page 2 of 5**

2 of 5

Board continues to find an absence of evidence to ascribe causality for her urinary problems to the line-of-duty incident in 2012" (*id.*).

The Board of Trustees evaluated this determination on July 20, 2023 (NYSCEF Doc. No. 28). A board member noted that:

> "The Medical Board denied due to lack of contemporaneous medical records between 2012 and 2019 as well as the member's status for full duty during this period. There is no medically definitive explanation for the member's urological problem within her record. They find an absence of evidence to ascribe causality to her urinary problems in the 2012 line of duty. The member –neither the Medical Board nor her own treating practitioners are able to specifically tie her condition to the line of duty [incident] in question. I also point out that there was—there were a number of assertions in the letter that don't ring true. The first indication of incontinence is 13 months after the accident, and it is implied that it's immediately thereafter which it was not. So with that we would deny the upgrade request" (*id.*).

Petitioner insists that she is entitled to ADR and that she started to experience incontinence issues on the day of the incident. She claims she was first diagnosed with overactive neurogenic bladder/incontinence a mere five months after the accident. Petitioner argues that despite being a police officer for 15 years without any history of untruthfulness, the Board of Trustees refused to accept her claims.

Respondents contend that the medical evidence simply did not show a link between petitioner's condition—urinary incontinence—and the 2012 incident. They point out that one of petitioner's doctors insisted that her urinary issues were tied to the 2012 incident but observe that this doctor only saw petitioner for the first time in October 2014 and that he referred petitioner to a urologist. Respondents stress that petitioner's urologist did not conclude that her symptoms stemmed from the incident in a letter dated January 22, 2021 (NYSCEF Doc. No. 36 at NYC0001378-79).

In reply, petitioner insists that it is not a coincidence that petitioner "first los[t] her urine" in the 2012 incident and was diagnosed with urinary tract issues shortly thereafter. She insists

**158804/2023 SAMPSON-THORNHILL, RENEE vs. EDWARD CABAN, AS THE POLICE COMMISSIONER OF THE CITY OF NEW YORK, AND AS CHAIRMAN OF THE BOARD OF TRUSTEES, EX OFFICIO, OF THE POLICE PENSION FUND, ARTICLE II ET AL Motion No. 001**

**Page 3 of 5**

3 of 5

that the Court should ignore respondents' attempt to focus on her doctors' "professional restraint in not stating they can link her disabling incontinence issues to her [line-of-duty assault]." Petitioner claims that the Board of Trustees did not review her medical records. She insists that a fair and equitable consideration of the facts shows she is entitled to receive ADR.

**Discussion**

In an Article 78 proceeding, "the issue is whether the action taken had a rational basis and was not arbitrary and capricious" (*Ward v City of Long Beach*, 20 NY3d 1042, 1043, 962 NYS2d 587 [2013] [internal quotations and citation omitted]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*id.*). "If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (*id.*). "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231, 356 NYS2d 833 [1974]).

"Applying for ADR involves a two step process. Initially, the pension fund's Medical Board conducts a physical examination, interviews the applicant, and reviews the submitted evidence, before submitting a recommendation to the Board of Trustees. In the second step, the Board of Trustees votes to either grant or deny ADR benefits" (*Stavropoulos v Bratton*, 148 AD3d 449, 450, 50 NYS3d 2 [1st Dept 2017]).

"Ordinarily, a Medical Board's disability determination will not be disturbed if the determination is based on substantial evidence. While the quantum of evidence that meets the 'substantial' threshold cannot be reduced to a formula, in disability cases the phrase has been construed to require 'some credible evidence" (*Borenstein v New York City Employees'*

158804/2023   SAMPSON-THORNHILL, RENEE vs. EDWARD CABAN, AS THE POLICE
COMMISSIONER OF THE CITY OF NEW YORK, AND AS CHAIRMAN OF THE BOARD OF
TRUSTEES, EX OFFICIO, OF THE POLICE PENSION FUND, ARTICLE II ET AL
Motion No.  001

Page 4 of 5

4 of 5

[* 4]

*Retirement Sys.*, 88 NY2d 756, 760-61, 650 NYS2d 614 [1996] [internal quotations and citations omitted]).

The Court denies the petition. Respondents rationally concluded there were a number of factors that justified the denial of petitioner's ADR request. They highlighted that there simply was not a persuasive causal link between the assault and her incontinence, and that petitioner seemingly worked at full duty status for over five years after the incident. It is not this Court's role to examine petitioner's medical records and reach its own independent conclusion about petitioner's ADR application. "[I]t is the sole province of the Medical Board and the Trustees to resolve conflicts in evidence" and a Court must defer to "the Medical Board's expertise" (*Lamar v Nigro*, 223 AD3d 470, 203 NYS3d 66 [1st Dept 2024] [reversing a trial court's award of ADR]).

And, here, there is no question that many of petitioner's doctors, and specifically her urologist, declined to insist that her incontinence was directly caused by the 2012 incident. While petitioner characterizes this as professional restraint, it provides another reason why this Court is unable to find that respondents' determination was arbitrary and capricious.

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements upon presentation of proper papers therefor.

| 3/13/2024 | | | | | ARLENE P. BLUTH, J.S.C. | |
|-----------|---|---|---|---|---|---|
| **DATE** | | | | | | |
| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

158804/2023   SAMPSON-THORNHILL, RENEE vs. EDWARD CABAN, AS THE POLICE
COMMISSIONER OF THE CITY OF NEW YORK, AND AS CHAIRMAN OF THE BOARD OF
TRUSTEES, EX OFFICIO, OF THE POLICE PENSION FUND, ARTICLE II ET AL
Motion No.  001

Page 5 of 5

5 of 5

[* 5]