[761 NYS2d 49]

In the Matter of BRIAN MULHEREN, Appellant, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND, ARTICLE II, Respondent.

First Department, June 17, 2003

### APPEARANCES OF COUNSEL

*Peter James Johnson, Jr.,* of counsel (*Leahey & Johnson,* attorneys), for appellant.

*Edward F.X. Hart* of counsel (*Leonard Koerner* and *Magda Deconinck* on the brief; *Michael A. Cardozo, Corporation Counsel*, New York City, attorney), for respondent.

### OPINION OF THE COURT

BUCKLEY, P.J.

Petitioner was appointed to the New York City Police Department in 1968, and in the early 1980s was assigned as the Mayor's Crisis Liaison Officer from the Office of the Chief of Department, a position described by two former mayors, a borough president and various high-ranking police officials as "unique" and in which petitioner had citywide jurisdiction responding to emergencies, was on call 24 hours per day, seven days per week, refused extra compensation for overtime and night work, and rarely, if ever, took vacations.

In February 1992, while participating in a chase of fleeing suspects, petitioner was involved in an automobile collision, as a result of which he was taken to the hospital and treated for multiple injuries, including a concussion, collapsed lungs, four broken ribs, fracture of the left clavicle, separation of the left shoulder, contusion of the right knee and ankle, and cervical and lumbar strain. Upon petitioner's discharge from the hospital two months later, the Police Department placed him on sick report, and in November 1992, petitioner underwent arthroscopic and related surgery.

In July 1993, the Police Commissioner filed an application on behalf of petitioner for accident or ordinary disability retirement. Upon reviewing the medical records and interviewing petitioner, but without examining him or providing any reasons, the Medical Board of the Police Pension Fund recommended to respondent, the Board of Trustees of the Police Pension Fund, that the application be denied. The Board of Trustees remanded four times, and each time the Medical Board

accepted updated evidence but reiterated its recommendation of disapproval of the disability application.

Following the Medical Board's fourth recommendation, dated August 19, 1996, but before the Board of Trustees remanded, petitioner submitted his own application, on August 26, 1996, for accident disability retirement, based on, inter alia, postconcussion syndrome and multiple musculoskeletal injuries, and retired on "service retirement" five days later. On October 9, 1996, the Board of Trustees remanded for the fourth time. In August 1997, during the pendency of that remand and petitioner's own application, petitioner was diagnosed with heart disease and underwent urgent quadruple coronary bypass surgery, after which he had three additional operations: an angioplasty, a stent insertion, and surgery of the right carotid artery. In September 1998, petitioner submitted that information to the Medical Board and requested that his disability application be amended to include a claim that coronary artery disease rendered him disabled. The Medical Board refused to consider the new information pertaining to the heart, and upon reviewing the records and examining petitioner with respect to the claimed orthopedic injuries and postconcussion syndrome, recommended disapproval of both petitioner's and the Police Commissioner's disability applications. The Board of Trustees solicited an opinion from the Corporation Counsel, who advised that the Board of Trustees has discretion to expand a pending disability application of an already retired member to include heart disease if "substantial equitable considerations warrant such action," and noted that the Board of Trustees had so amended at least one other retired member's application. By a 6-6 vote, the Board of Trustees rejected the request to remand on the heart issue and denied both disability applications.

Petitioner's medical records and the reports of the Medical Board constitute "some credible evidence" that petitioner is not disabled by reason of any orthopedic injuries or cognitive deficits (*see Matter of Guzman v Safir*, 293 AD2d 281, 281 [2002], *lv denied* 98 NY2d 614 [2002]). Although petitioner's physicians drew the opposite conclusion, where, as here, the medical evidence is subject to conflicting interpretations, we must defer to the expertise of the Medical Board in resolving such conflict and to the judgment of the Board of Trustees in adopting the Medical Board's findings (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 761 [1996]), even though the Social Security Administration found

petitioner to be disabled (*see Matter of Barden v New York City Employees' Retirement Sys.*, 291 AD2d 215, 216 [2002]). Contrary to petitioner's assertions, the reason for the Medical Board's final recommendation with respect to postconcussion syndrome was not based on a finding that he was fully conscious immediately after the accident, on which matter the statements of eyewitnesses, responding EMS technicians and emergency room personnel are unclear, but rather on a physical examination in which no pathology was revealed and in which petitioner's behavior was determined to be inconsistent and exaggerated.

To the extent petitioner argues that the Medical Board is bound to examine "the entire physical condition" of a disability applicant, for all conceivable types of injuries and ailments, whether or not listed in the application, he has provided no authority for imposing such a complex and open-ended burden. Similarly, there is no evidence that the Board of Trustees had a rule or even a custom of automatically permitting the amendment of a pending disability application of a member who had since retired to include a claim under General Municipal Law § 207-k (the Heart Bill), which creates a presumption, under certain conditions, that a police officer's disabling heart condition was incurred in the performance of official duties. Nevertheless, the Board of Trustees abused its discretion in refusing to remand the petitioner's application for review of his heart condition.

The Board of Trustees admits that it has discretion to expand a retired member's pending disability application to include heart disease where the disability from heart disease occurred at the time the applicant retired and where "substantial equitable considerations warrant such action," and that it has exercised such discretion on at least one prior occasion. The language of General Municipal Law § 207-k supports an interpretation that whether or not a heart-related disability was diagnosed before an applicant retires is unimportant, so long as the heart-related disability was incurred while the applicant was still a paid member. Specifically, the statute provides:

> "any condition of impairment of health caused by diseases of the heart, *resulting in total or partial disability* * * * *to a paid member of the uniformed force of a paid police department* * * * where such paid policemen * * * are drawn from competitive civil service lists, who successfully passed a physical examination on entry into the service of such

respective department, which examination failed to reveal any evidence of such condition, shall be presumptive evidence that it was incurred in the performance and discharge of duty, unless the contrary be proved by competent evidence" (subd [a]; emphasis added).

Although the heart condition was not expressly mentioned in either the original application by the Police Commissioner on petitioner's behalf, the remands to the Medical Board, or petitioner's own initial application, those submissions contained complaints by petitioner and corresponding medical notations, dating all the way back to the accident, of shortness of breath, labored breathing, chest pains, tightness of the chest, and high blood pressure. Notwithstanding those symptoms of heart disease, they were attributed by petitioner's doctors to the fact that he had been struck in the chest by the steering wheel during the car accident and to his other, nondisabling heart condition known as right bundle branch block. In light of the fact that petitioner's claimed disabling heart ailment was not detected until almost one year after he retired, he underwent certain types of tests previously not administered to him, and considering the fact that he immediately thereafter underwent "urgent" quadruple coronary artery bypass surgery and three related procedures, he has presented evidence that the condition may have previously existed but went undiagnosed or misdiagnosed. Indeed, reports by petitioner's treating physicians indicate that the car accident caused or at least contributed to the heart condition, yet the Medical Board never addressed the issue.

Thus, it appears that the only reason petitioner did not include a heart condition on his original applications was because he relied on faulty diagnoses, for which he should not be penalized. Considering the fact that the Board of Trustees felt compelled to remand four times due to the Medical Board's inadequate reviews, the IAS court improperly credited the number of reviews as indicative of an all-encompassing examination. In fact, the Medical Board did not examine petitioner pursuant to his own application until two years after it was submitted, although prior to that filing the Medical Board had examined him in connection with the Police Commissioner's application.

The Board of Trustees all but concedes that the instant case warrants amendment of the application to include a claim under the Heart Bill, in that the Board argues that, in the

previous instance where it exercised its discretion, the applicant had complained about chest pains just before submitting his request to amend his pending application. However, petitioner herein complained of chest pains, as well as other symptoms of heart disease, not only just before he sought to amend his petition, but as far back as the accident. Thus, the two cases are indistinguishable on that ground.

The only remaining basis cited by the Board of Trustees for denying a remand was that two years had elapsed from the date petitioner retired (August 1996) to the time of his request to amend his application to include heart disease (September 1998). As noted, *supra*, petitioner, through no fault of his own, was not diagnosed with the heart ailment until one year after he retired, and he continued to undergo further testing and surgical procedures throughout the next year. Insofar as petitioner might be viewed as having delayed the amendment request for that one-year period following the diagnosis, the Board of Trustees should not be heard to complain, since the Medical Board itself did not act on his application and the remanded Police Commissioner's application (both pending since 1996) until after the amended claim was submitted.

The Board of Trustees, having itself created the discretionary rule, is obligated to exercise it in a nonarbitrary, noncapricious manner. Therefore, in light of the particular circumstances of this proceeding, that (1) petitioner's application and the remanded Police Commissioner's application were still pending before the Medical Board when he sought to amend his application, (2) it appears that petitioner's heart-related disability may have been incurred while he was still a paid member of the Police Department, (3) the condition was not detected until after he retired, because of potentially faulty diagnoses, upon which petitioner relied, the Board of Trustees abused its discretion in refusing to remand the matter to the Medical Board for its consideration. On remand, the Medical Board should ascertain whether petitioner is in fact disabled due to a heart ailment, whether that condition arose while he was a paid member of the Police Department, and whether it was incurred in the discharge of his police duties.

Accordingly, the judgment of the Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered November 29, 2001, which dismissed the petition to annul respondent's denial of accident and ordinary disability retirement benefits to petitioner, should be modified, on the law, to grant the petition to the extent of remanding the matter to respondent for consider-

ation of the claimed heart-related disability, and otherwise affirmed, without costs.

TOM, ROSENBERGER, FRIEDMAN and MARLOW, JJ., concur.

Judgment, Supreme Court, New York County, entered November 29, 2001, modified, on the law, to grant the petition to the extent of remanding the matter to respondent for consideration of the claimed disability, and otherwise affirmed, without costs.