(May 13, 2004)

■ In the Matter of JOHN CREEGAN, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY POLICE PENSION FUND ARTICLE II et al., Respondents. [775 NYS2d 867]—

Order and judgment (one paper), Supreme Court, New York County (Roslyn Richter, J.), entered June 11, 2003, which denied and dismissed the petition brought pursuant to CPLR article 78 to annul respondent's denial of petitioner's application for accident disability retirement benefits, unanimously affirmed, without costs.

Inasmuch as there was abundant credible evidence to support the Medical Board's determination that petitioner was not disabled from performing his duties as a police officer, there is no ground for judicially disturbing its determination denying petitioner accident disability retirement benefits (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760-761 [1996]). The record amply discloses that the Medical Board's determination was based on, and indeed rationally supported by, its review of numerous diagnostic tests which petitioner submitted, including echocardiograms and stress tests, and its interview and physical examination of him. It does not avail petitioner in the context of this proceeding that there was some minimal conflicting evidence before the board from which a different interpretation was urged because "we must defer to the expertise of the Medical Board in resolving such conflict[s] . . ." (*Mulheren v Board of Trustees of Police Pension Fund*, 307 AD2d 129, 131 [2003], *lv denied* 100 NY2d 515 [2003]; *see also Matter of Borenstein, supra* at 761). Concur—Tom, J.P., Mazzarelli, Ellerin, Lerner and Marlow, JJ.