■ In the Matter of CLIFF ITJEN, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY POLICE PENSION FUND, ARTICLE II, et al., Respondents. [839 NYS2d 42]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered June 26, 2006, which denied petitioner police officer's application to annul respondents' determination denying him accident disability retirement, and dismissed this CPLR article 78 petition, unanimously affirmed, without costs.

The Medical Board's finding that petitioner is not disabled for full duty is supported by "some credible evidence" (*see Matter*

*of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760-761 [1996]), including its own physical examination of petitioner and the most recent MRI of the lumbosacral spine showing only spondylolisthesis (*see Schwartz v Kelly*, 36 AD3d 563 [2007]), as well as petitioner's own treating physician's opinion that the condition was preexisting, congenital, and not caused by petitioner's line-of-duty accident. The Medical Board's determination was not irrational, even though it had granted, on the same day, petitioner's application for ordinary disability retirement based on a foot condition (*see e.g. Matter of Mulheren v Board of Trustees of Police Pension Fund, Art. II*, 307 AD2d 129, 131-132 [2003], *lv denied* 100 NY2d 515 [2003]). We have considered petitioner's other argument and find it unavailing. Concur—Sullivan, J.P., Nardelli, Williams, Gonzalez and Catterson, JJ.