Matter of Carter v New York City Empls.' Retirement Sys. (2021 NY Slip Op 06031)





Matter of Carter v New York City Empls.' Retirement Sys.


2021 NY Slip Op 06031


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Acosta, P.J., Renwick, Kapnick, Kennedy, Mendez, JJ. 


Index No. 155095/20 Appeal No. 14553 Case No. 2020-04655 

[*1]In the Matter of Michelle Carter, Petitioner-Appellant,
v
New York City Employees' Retirement System, et al., Respondents-Respondents.


Pasternack, Tilker Ziegler Walsh, Stanton & Romano, LLP, New York (Jordon A. Ziegler of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered November 17, 2020, denying the petition to vacate respondents' determination, dated March 12, 2020, which denied petitioner's application for performance of duty disability retirement, and dismissing the proceeding brought under CPLR article 78, unanimously affirmed, without costs.
The determination by the Medical Board that petitioner's workplace injury was not the cause of her disability is based on credible evidence, and accordingly, respondents' determination denying performance of duty disability retirement benefits was not arbitrary and capricious (see Matter of Russell v New York City Fire Pension Fund, 192 AD3d 442, 443 [1st Dept 2021]). Respondents properly relied upon the Medical Board's unanimous opinion as to causation, made after considering her case four times (see id. at 443; Matter of Christian v New York City Employees' Retirement Sys., 56 NY2d 841, 843 [1982]). Although some of petitioner's treating physicians opined that there was a causal connection between her workplace injury and her disability, these opinions do not lead to a conclusion that no credible evidence supports the Medical Board's recommendation (see Matter of Merlino v Teachers' Retirement Sys. of the City of N.Y., 177 AD3d 430, 430 [1st Dept 2019], lv denied 35 NY3d 909 [2020]; Matter of Creegan v Board of Trustees of the N.Y. City Police Pension Fund Art. II, 7 AD3d 335, 335 [1st Dept 2004] ).
Given petitioner's various descriptions of her injury and how it was sustained, and the medical records showing that she suffered no pain or limitation of use in her ankle immediately after the incident or in the following days, respondents were entitled to credit petitioner's contemporaneous account of her injury and reject her more recent account (Matter of Lang v Kelly, 101 AD3d 561, 561 [1st Dept 2012], affd 21 NY3d 972 [2013]). Furthermore, although petitioner argues that her failure to mention ankle pain in the initial incident report was a mistake on her part, the fact remains that she also stated during her initial medical evaluation that she had no ankle pain.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021