Matter of Lamar v Nigro (2024 NY Slip Op 00136)

Matter of Lamar v Nigro

2024 NY Slip Op 00136

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Kern, J.P., Oing, Singh, Kapnick, O'Neill Levy, JJ.

Index No. 151535/22 Appeal No. 1392 Case No. 2022-03629 

[*1]In the Matter of the David J. Lamar, Petitioner-Respondent,
v
Daniel A. Nigro etc., et al., Respondents-Appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Julie Steiner of counsel), for appellants.
Goldberg & McEnaney LLC, Port Washington (Timothy McEnaney of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arlene Bluth, J.), entered July 12, 2022, granting the petition to annul respondents' determination, which denied petitioner's application for accidental disability retirement (ADR), benefits, and awarding him ADR benefits retroactive to the date of his retirement, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
Respondents' determination was supported by ample credible evidence, consisting of the 2002 and 2018 MRIs and the October 10, 2018 CT scan, which revealed osteoarthritis and degenerative conditions in both of petitioner's knees. Although his doctors disagreed and opined that his disability resulted from line of duty injuries, it is the sole province of the Medical Board and the Trustees to resolve conflicts in evidence (see Matter of Higgins v Kelly, 84 AD3d 520, 520-521 [1st Dept 2011], lv denied 18 NY3d 806 [2012]). The court rejected the Medical Board's conclusion that petitioner's underlying conditions were not exacerbated by the line of duty injuries. However, the Medical Board expressly considered this possibility and rejected it based on its expertise, review of petitioner's medical records and the physical examination of petitioner. The court should have deferred to the Medical Board's expertise (see Matter of Creegan v Board of Trustees of N.Y. City Police Pension Fund Art. II, 7 AD3d 335, 335 [1st Dept 2004]). It cannot be determined as a matter of law that the arthritis and other degenerative conditions suffered by petitioner were exacerbated by the line of duty incidents (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. I-B Pension Fund, 90 NY2d 139, 151-152 [1997]; Matter of Russell v New York City Fire Pension Fund, 192 AD3d 442, 443 [1st Dept 2021]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024