| **Pastrana v New York City Fire Pension Fund** |
| --- |
| 2024 NY Slip Op 30468(U) |
| February 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160515/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:      HON. ARLENE P. BLUTH        PART        14

*Justice*

------------------------------------------------------------------------------X

OBRIAN PASTRANA,

                         Petitioner,

                       - v -

NEW YORK CITY FIRE PENSION FUND, BOARD OF
TRUSTEES OF THE NEW YORK CITY FIRE PENSION
FUND, CITY OF NEW YORK

                         Respondent.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160515/2023 |
| MOTION DATE | 02/08/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45

were read on this motion to/for             ARTICLE 78             .

The petition to annul respondents' determination denying petitioner accident disability

retirement ("ADR") is denied.

**Background**

Petitioner worked for the FDNY since 2006; he was promoted to the position of

firefighter in 2013. As part of his responsibility as a firefighter, he received a COVID-19

vaccine. However, petitioner details that he suffered an adverse reaction to both doses of the

vaccine (an allergic reaction as well as heart issues) and that he was subsequently deemed unfit

for duty, which ended his career as a firefighter. Petitioner applied for ADR as a result and

details his ongoing health issues.

160515/2023   PASTRANA, OBRIAN vs. NEW YORK CITY FIRE PENSION FUND ET AL        Page 1 of 5
Motion No. 001

1 of 5

[* 1]

Apparently, there were two Medical Board determinations in this proceeding. Both recommended that petitioner receive ordinary disability retirement ("ODR"). The Board of Trustees split their vote, which resulted in petitioner receiving only ODR instead of ADR.

Petitioner argues that the record clearly shows he should have received ADR. He stresses the numerous physical complications he now suffers and that his current condition is the result of him following orders. Petitioner contends that his injuries are permanent and that they resulted from risks that were not part of the ordinary job responsibilities of a firefighter. He blames the FDNY for making him receive a second dose of the vaccine.

Petitioner argues that the first medical board evaluation considered cardiovascular disability while the second evaluated respiratory disability. He insists that these Medical Board opinions did not articulate a sufficient basis for granting him only ODR and was not supported by credible evidence. Petitioner also argues that he is entitled to a statutory presumption known as the Heart Bill, a presumption that a disabling heart condition was sustained as a result of petitioner's employment as a firefighter. He observes that respondents never rebutted this presumption.

In opposition, respondents claim that petitioner is not entitled to ADR because there was no service-related accident that caused him to be permanently disabled. They contend that receiving the vaccine was not an accident and stress that petitioner waited until the very last day to get vaccinated. Respondents emphasize that petitioner's application for ADR did not cite the Heart Bill and so petitioner cannot raise that issue in this proceeding.

**160515/2023   PASTRANA, OBRIAN vs. NEW YORK CITY FIRE PENSION FUND ET AL**          **Page 2 of 5**
    **Motion No.  001**

2 of 5

[* 2]

**Discussion**

In an Article 78 proceeding, "the issue is whether the action taken had a rational basis and was not arbitrary and capricious" (*Ward v City of Long Beach*, 20 NY3d 1042, 1043, 962 NYS2d 587 [2013] [internal quotations and citation omitted]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*id.*). "If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (*id.*). "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231, 356 NYS2d 833 [1974]).

"Applying for ADR involves a two step process. Initially, the pension fund's Medical Board conducts a physical examination, interviews the applicant, and reviews the submitted evidence, before submitting a recommendation to the Board of Trustees. In the second step, the Board of Trustees votes to either grant or deny ADR benefits" (*Stavropoulos v Bratton*, 148 AD3d 449, 450, 50 NYS3d 2 [1st Dept 2017]).

"Ordinarily, a Medical Board's disability determination will not be disturbed if the determination is based on substantial evidence. While the quantum of evidence that meets the 'substantial' threshold cannot be reduced to a formula, in disability cases the phrase has been construed to require 'some credible evidence'" (*Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760-61, 650 NYS2d 614 [1996] [internal quotations and citations omitted]).

The central part of this case concerns the Medical Board's determination dated May 4, 2023. In that opinion, the Medical Board observed that:

160515/2023   PASTRANA, OBRIAN vs. NEW YORK CITY FIRE PENSION FUND ET AL      Page 3 of 5
Motion No.  001

3 of 5

[* 3]

"Based upon our review of all medical records and interview of the member, it is the unanimous opinion of the Subchapter 2 Medical Board that FF O'Brian Pastrana is not permanently disabled due to allergic reaction to COVID vaccine or COVID Disease. The Subchapter 2 Medical Board acknowledges the member's symptoms, but notes that there is insufficient objective medical evidence of permanent disability related to his allergic reaction to COVID-vaccine and COVID disease. The Subchapter 2 Medical Board notes that the member had normal pulmonary function testing and imaging studies of his lungs. Therefore, the Subchapter 2 Medical Board recommends that FF O'Brian Pastrana's Fire Commissioner's Application for allergic reaction to COVID-vaccine and COVID disease be denied" (NYSCEF Doc. No. 40 at 5).

The Court recognizes that petitioner strongly disagrees with this conclusion and asserts, repeatedly, that he was perfectly fine prior to receiving the vaccines although the Court observes that a May 2, 2023 Medical Board opinion noted that petitioner admitted he had prediabetes and "would intermittently have episodes of high blood pressure when seen medically and, again, was taking no medication" (NYSCEF Doc. No. 38 at 3). But the fervor with which petitioner disagrees with the Medical Board's findings is not a basis for this Court to set that conclusion aside.

The Court observes that the transcript of the meeting before respondents indicates that many of the members sympathized with petitioner (NYSCEF Doc. No. 41). Counsel for petitioner notably made an impassioned plea for petitioner and emphasized the point that her client can now no longer serve as a firefighter simply because he followed the directive to get the vaccine. Unfortunately, the Medical Board simply disagreed with that determination.

The fact is that this Court must "defer [ ] to the Medical Board's expertise" (*Lamar v Nigro*, 2024 NY Slip Op 00136 [1st Dept 2024] [denying a request for ADR]). "[I]t is the sole province of the Medical Board and the Trustees to resolve conflicts in evidence" (*id*.). This Court cannot substitute its own judgment for that of the Medical Board. The Court also rejects petitioner's efforts to rely upon the Heart Bill as respondents correctly observed that petitioner's

160515/2023   PASTRANA, OBRIAN vs. NEW YORK CITY FIRE PENSION FUND ET AL          Page 4 of 5
Motion No.  001

4 of 5

application before the Medical Board did not rely on it.  Petitioner cannot make arguments here that were not considered before respondents.

Although it appears the Board of Trustees seriously considered granting petitioner ADR, petitioner unfortunately did not prevail in the final vote. That this Court may have significant admiration for petitioner's many years of service for the FDNY and compassion for his current physical ailments is not a sufficient basis upon which this Court can substitute its own judgment for that of respondents.

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements.

| 2/13/2024 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 5]