| Cevallos v Tucker |
| :---: |
| 2026 NY Slip Op 30695(U) |
| February 24, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 151064/2025 |
| Judge: Kathleen Waterman-Marshall |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:　　**HON. KATHLEEN WATERMAN-MARSHALL**　　PART　　31

*Justice*

-------------------------------------------------------------------------------X

MARCOS CEVALLOS,

Plaintiff,

- v -

ROBERT TUCKER, AS THE FIRE COMMISSIONER OF
THE CITY OF NEW YORK AND AS CHAIRMAN, EX
OFFICIO, OF THE BOARD OF TRUSTEES OF THE NEW
YORK CITY FIRE DEPARTMENT, ARTICLE I-B PENSION
FUND, THE BOARD OF TRUSTEES OF THE NEW YORK
CITY FIRE DEPARTMENT, ARTICLE I-B PENSION FUND,
THE CITY OF NEW YORK

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151064/2025 |
| MOTION DATE | 01/23/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 35

were read on this motion to/for　　　　　ARTICLE 78 (BODY OR OFFICER)　　　　.

Upon the foregoing documents, the petition by Marcos Cevallos ("Mr. Cevallos") for an order, pursuant to Article 78 of the CPLR, annulling respondents' denial of his application for Accident Disability Retirement ("ADR") and determination that he is entitled to Ordinary Disability Retirement ("ODR"), and awarding Mr. Cevallos an ADR pension, is denied.

## Background

This Article 78 Special Proceeding challenges the type of disability retirement granted to Mr. Cevallos. Briefly, FDNY employees (members of the Fire Pension Fund) may be retired and collect pension benefits after becoming disabled. An employee is granted ODR when they become disabled, cannot perform their duties, and ought to be retired. ODR benefits are calculated based upon a statutory formula considering the number of years of service. On the other hand, an employee is granted ADR when they become disabled as a result of a line of duty accidental injury. As relevant here, ADR provides for greater pension benefits than ODR.

Petitioner joined the FDNY in July 2013. At the time he joined, he was credited with 10 years of service because of a priority hire plan in which minority candidates who were previously passed over were credited with 10 years of service upon their hiring.

### Line of Duty Injuries

Between March 2014 and August 2022, Mr. Cevallos suffered seven line of duty injuries to his back, as follows:

151064/2025   CEVALLOS, MARCOS vs. ROBERT TUCKER, AS THE FIRE COMMISSIONER OF
THE CITY OF NEW YORK AND AS CHAIRMAN, EX OFFICIO, OF THE BOARD OF TRUSTEES OF
THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE I-B PENSION FUND ET AL
Motion No.  001

Page 1 of 6

[* 1]

March 2014 – Mr. Cevallos suffered a back injury while operating a Hurst tool and "pack[ing] everything back into the truck". He missed 11 days of work due to this injury.

April 2015 – Mr. Cevallos suffered a back injury while responding to a fire when his foot went through a collapsed floor, and he twisted his back. He alleged that this event began his chronic back pain.

August 2017 – Mr. Cevallos suffered a back injury while responding to a motorcycle crash. He was lifting an injured person onto the stretcher when the stretcher broke, and in his efforts not to drop the injured person, he twisted his back. Mr. Cevallos missed 15 days of work due to this injury.

February 2018 – Mr. Cevallos suffered a further back injury while he was carrying a patient down a flight of stairs on a stretcher. He lost his balance on a damaged stair tread and twisted his back. Mr. Cevallos missed approximately four months of work due to this injury. He alleges that this event resulted in two herniated discs, two bulging discs, and a tremendous amount of chronic pain such that when he returned to work, he required consistent use of acetaminophen.

September 2019 – Mr. Cevallos again injured his back while responding to a fire. He tripped over debris causing a cylinder to fall on his back and he twisted his back. He missed 17 days of work related to this injury.

February 2020 – Mr. Cevallos twisted his back twice during the same day. The first twist occurred while lifting a patient onto a stretcher due to the weight of the patient, together with a cluttered area and wet floor. The second twist occurred he while responding to a fire and the hose line was suddenly pulled back. After the second twisting event, Mr. Cevallos was transported to the hospital and missed 15 days of work.

August 2022 – Mr. Cevallos suffered three herniated discs and a bulging disc while responding to a fire and apartment explosion. He slipped on debris and to avoid falling through a hole in the roof, Mr. Cevallos jerked and twisted his body. He was transported to the hospital and never returned to full-duty service.

*FDNY Committee Determination and October 2023 Medical Board Report*

The Medical Board Committee for the FDNY Bureau of Health Services (the "Committee") evaluated Mr. Cevallos' condition following his August 2022 accident to determine his fitness to return to duty. The Committee, which is comprised of three physicians, found Mr. Cevallos was unfit for full firefighting duties due to a partial and permanent disability, and recommended a limited-service status. The FDNY Commissioner then filed an application for Mr. Cevallos' retirement based upon the Committee's determination that Mr. Cevallos could not return to full duty.

The New York City Fire Pension Fund Subchapter 2 Medical Board ("the Medical Board") reviewed the FDNY Commissioner's application to retire Mr. Cevallos along with the medical records Mr. Cevallos submitted, and interviewed Mr. Cevallos. The Medical Board, also

151064/2025  CEVALLOS, MARCOS vs. ROBERT TUCKER, AS THE FIRE COMMISSIONER OF THE CITY OF NEW YORK AND AS CHAIRMAN, EX OFFICIO, OF THE BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE I-B PENSION FUND ET AL
Motion No.  001

Page 2 of 6

2 of 6

[* 2]

a three-physician panel, unanimously concluded that Mr. Cevallos was disabled, and that the disability was causally related to Chronic Degenerative Joint Disease leading to chronic pain syndrome.

Thereafter, Mr. Cevallos submitted additional medical records including a November 2012 x-ray report of the lumbar spine, and November 2023 reports from Drs. Snow and Saint Martin. The Board of Trustees remanded the matter back to the Medical Board for further consideration of the additional documents.

*January 2024 Medical Board Report*

The Medical Board considered the additional documents and evidence on remand and unanimously concluded that Mr. Cevallos was disabled, but that "there is insufficient objective medical evidence in the remanded medical documentation that the incident dated 8/12/2022 permanently aggravated the member's lumbar spine condition pursuant to Tobin v. Steisel." It, therefore, upheld its prior recommendation of an ODR.

Thereafter, Mr. Cevallos again submitted additional documentation and evidence including his own undated letter, a July 5, 2024 letter from Dr. Kooch, and accident reports (CD-72) from 2021, 2019, 2018, and 2015. Mr. Cevallos contended that at the time he initially applied for disability retirement he was unaware that ADR could be based upon the cumulative effect of multiple line of duty injuries and sought to augment his application to include these prior injuries. The Board of Trustees remanded the matter back to the Medical Board for further consideration of the additional documents and evidence.

*October 2024 Medical Board Report*

The Medical Board considered the additional documents and evidence on the second remand and found that the additional evidence further supported its recommendation of ODR instead of ADR, as Mr. Cevallos complained of chronic back pain during a hospitalization in early 2014, prior to any line of duty injury and less than a year after his employment with FDNY began.

Specifically, the Medical Board's report stated:

> Of note is that on 3/29/2014, when the member was seen in the emergency room at Phelps Memorial Hospital, he told the examiner that he had "chronic back pain and was taking Naprosyn." This is less than a year on the job, with no previous on the job injury to his back. There was no evidence of acute changes on the MRI or via the examination.
>
> The member's past and present history details were more consistent with chronic back pain caused by degenerative changes and not by acute injury.
>
> The other injuries listed revealed chronic back changes that improved over the years and also progressed with age. There was

151064/2025   CEVALLOS, MARCOS vs. ROBERT TUCKER, AS THE FIRE COMMISSIONER OF          Page 3 of 6
THE CITY OF NEW YORK AND AS CHAIRMAN, EX OFFICIO, OF THE BOARD OF TRUSTEES OF
THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE I-B PENSION FUND ET AL
Motion No.  001

3 of 6

no evidence of an acute episode that was found following any of the listed CD-72s [member injury reports], which led to the "continued" chronic back pain, as noted in early 2014.

The Medical Board concluded that Mr. Cevallos' disability was related to Chronic Degenerative Joint Disease and not to acute injury. It found that there was no evidence his complaints of chronic pain were related to any acute episode and that the evolution of changes to Mr. Cevallos' spine were more consistent with age and progression of degenerative changes. Consequently, the Medical Board recommended that Mr. Cevallos be granted ODR.

*November 2024 Board of Trustees Final Determination*

The Board of Trustees considered Mr. Cevallos' disability retirement application and the Medical Board's report. In a split vote, the Board of Trustees granted Mr. Cevallos ODR and denied his application for ADR.

*Article 78 Proceeding*

Mr. Cevallos brought this Article 78 proceeding challenging the denial of his ADR application. He contends that the Board of Trustees decision to retire him on ODR was arbitrary and capricious and that his line of duty injuries, taken together, are the cause of his disability.[1] Respondents oppose, and contend that the Medical Board was entitled to resolve any competing medical evidence, and properly based its recommendation upon the totality of the objective medical evidence. As such, respondents contend the Article 78 proceeding should be dismissed.

**Discussion**

The standard of review of an administrative determination via an Article 78 proceeding is well established. The Court must determine whether there is a rational basis for the administrative determination or whether it is arbitrary and capricious (*Matter of Gilman v New York State Div. of Housing and Community Renewal*, 99 NY2d 144 [2002]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Peckham v Calogero*, 12 NY3d 424 [2009]; *see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]). When a determination is supported by a rational basis, this Court must sustain the determination, notwithstanding that the Court would reach a different result than that of the administrative agency (*Peckham v Calogero*, 12 NY2d at 431).

Whether a firefighter employee is entitled to ADR is a two-step inquiry. First, the employee must be found disabled by the Medical Board, and if the employee is found to be disabled the Medical Board makes a recommendation as to causation of the disability – whether the employee should be retired on ODR or ADR (*Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760 [1996]). If the employee is found disabled, the Board of Trustees must determine whether the disability occurred as an acute line of duty injury or an ordinary disability (*id*. at 760). The Medical Board's finding as to disability is binding on

---

[1] At the Board of Trustee's roll call vote, it was noted that Mr. Cevallos had sufficient service credit (considering the 10 years of credit awarded at the time he was hired) to retire on a service retirement pension, which apparently provided greater benefits to him than the ordinary disability retirement pension.

**151064/2025   CEVALLOS, MARCOS vs. ROBERT TUCKER, AS THE FIRE COMMISSIONER OF**          **Page 4 of 6**
**THE CITY OF NEW YORK AND AS CHAIRMAN, EX OFFICIO, OF THE BOARD OF TRUSTEES OF**
**THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE I-B PENSION FUND ET AL**
**Motion No. 001**

[* 4]

the Board of Trustees; however, the Medical Board only recommends whether the disability was a natural and proximate result of a line of duty injury – the ultimate determination on the issue of causation rests with the Board of Trustees (*id.*).

Stated differently, it is for the Medical Board to determine whether an employee is disabled and for the Board of Trustees to determine whether the disabling injury occurred in the line of duty, and thus whether ODR or ADR is appropriate. The employee has the burden of proving their alleged disability and its causation (*Matter of Evans v City of New York*, 145 AD2d 361 [1st Dept 1988]).

The Medical Board is entitled to resolve conflicting interpretations of medical evidence and the Court must defer to the Medical Board's resolution of conflicting medical evidence, and the Board of Trustees' judgment to accept or reject the Medical Board's recommendation, where the determination is supported by "some credible evidence" (*Matter of Mulheren v Board of Trustees of the Police Pension Fund, Art. II*, 307 AD2d 129 [1st Dept 2003] ["Although petitioner's physicians drew the opposite conclusion, where, as here, the medical evidence is subject to conflicting interpretations, we must defer to the expertise of the Medical Board in resolving such conflict and to the judgment of the Board of Trustees in adopting the Medical Board's findings"] *lv. denied* 100 NY2d 515 [2003]; *Henn v Sewell*, 227 AD3d 615, 616 [1st Dept 2024] [agency has duty to choose between competing testimony and Court may not reject agency's choice]).

There is no dispute that Mr. Cevallos has herniated and bulging discs in his lumbar spine and that he suffers back pain and radiculopathy. There is also no dispute that Mr. Cevallos is disabled as a result of the pain and radiculopathy. However, Mr. Cevallos disputes the Medical Board's conclusion and recommendations that the cause of his back pain and disability is degenerative joint disease. Mr. Cevallos instead contends that the seven line of duty injuries he suffered between 2014 and 2022 are the cause of his disabling back pain.

The Medical Board was presented with "some credible evidence" that Mr. Cevallos had back pain prior to any accident with the Fire Department and that his current reports of pain were not connected to any line of duty injury. This evidence included, *inter alia*, hospital records from 2014 in which Mr. Cevallos self-reported "chronic" back pain from years of lifting weights requiring the use of Naprosyn. Notably, these medical records pre-date any line of duty injury suffered by Mr. Cevallos. Additionally, the Medical Board noted that the imaging submitted failed to show an acute injury, and instead was more consistent with degenerative changes which worsened with age. The Medical Board was entitled to weigh this evidence against the report of Mr. Cevallos' doctor, Dr. Kooch, and any other medical evidence supporting Mr. Cevallos' claim of disability based upon a line of duty injury, to reach its recommendation as to causation (*see e.g. Matter of Borenstein*, 88 NY2d at 760; *Matter of Mulheren*, 307 AD2d 129).

Mr. Cevallos' reliance on *Matter of Boder v O'Neill* (170 AD3d 528 [1st Dept 2019]), *Matter of Perrotta v Board of Trustees of N.Y. Fire Dept., Art. 1-B Pension Fund* (232 AD2d 493 [2d Dept 1996]), and *Matter of Mescall v Board of Trustees of N.Y. Fire Dept., Art. 1-B Pension Fund* (204 AD2d 643 [2d Dept 1994]) to annul the respondents' determination is misplaced as those matters are factually distinct. In those matters, the causal connection between a line of duty injury and disability was incontrovertible – there was no evidence that the disability was caused by anything other than the line of duty injury. Conversely, here, there is evidence that Mr. Cevallos suffered from self-described "chronic" back pain prior to any line of duty injury. Thus, there is competing evidence regarding causality, and it was the Medical Board's duty to resolve these conflicts.

151064/2025   CEVALLOS, MARCOS vs. ROBERT TUCKER, AS THE FIRE COMMISSIONER OF
THE CITY OF NEW YORK AND AS CHAIRMAN, EX OFFICIO, OF THE BOARD OF TRUSTEES OF
THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE I-B PENSION FUND ET AL
Motion No. 001

Page 5 of 6

5 of 6

*Tobin v Steisel* does not require annulling the administrative determinations, as Mr. Cevallos contends (64 NY2d 254 [1985]). *Tobin* stands for the proposition that the well-established causation rule in tort and workers' compensation matters – that an accident which aggravates a preexisting condition may be considered the cause of the injury/disability – also applies in accident disability retirement (ADR) matters (*id.*). It does not require that the Medical Board find an accident, or accidents, aggravated a preexisting condition sufficient to be the cause of the disability. The Medical Board reviewed the radiographic images of Mr. Cevallos' spine and found improvement of his line of duty injuries and that based upon this improvement, Mr. Cevallos' continued disabling pain and condition could not be explained by his line of duty injuries. It further found that this imaging, taken over several years, failed to show an acute episode. Taken together with Mr. Cavellos' reports of chronic back pain prior to any line of duty injury, this constitutes "some credible evidence" supporting the Medial Board's determination and recommendation that that the totality of the evidence was consistent with degenerative disease, and not an acute injury aggravating a pre-existing condition.

## Conclusion

Put simply, the Medical Board was presented with competing and arguably conflicting medical evidence concerning the cause of Mr. Cevallos' disability. By way of brief example, on the one hand, the report of Mr. Cevallos' doctor urges that there was no pre-existing condition prior to Mr. Cevallos' line of duty injuries, because he was able to pass the physical exam and the 2012 x-ray showed no structural issues. One the other hand, March 2014 medical records show that Mr. Cevallos complained of chronic back pain as the result of weightlifting, requiring medication, and various radiographic studies revealed degenerative disc herniations and bulges and the absence of an acute injury. The Medical Board was entitled to review the competing evidence and recommend that the disability was caused by degenerative disease, notwithstanding the prior line of duty injuries (*Matter of Kaufman v Murray*, 85 AD3d 1534 [3d Dept 2011]). Its recommendation was, therefore, based upon "some credible evidence," as required, the Board of Trustees was entitled to accept the recommendation and grant Mr. Cevallos ODR, and this Court cannot disturb this determination. While the Court is sympathetic to Mr. Cevallos and notes that he inarguably served this City at great personal expense, as evinced by repeated line of duty injuries, the Court may not disturb the determination of the Board of Trustees to accept the recommendation of the Medical Board and retire Mr. Cevallos on an ODR as opposed to an ADR.[2]

Accordingly, it is
**ORDERED** that the petition is denied, and the matter is dismissed.

**2/24/2026**
**DATE**

KATHLEEN WATERMAN-MARSHALL, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

---

[2] As previously noted, Mr. Cevallos had sufficient service credit to retire on a service retirement pension, which provided greater benefits to him than the ordinary disability retirement pension, and apparently did so.

**151064/2025   CEVALLOS, MARCOS vs. ROBERT TUCKER, AS THE FIRE COMMISSIONER OF**        **Page 6 of 6**
**THE CITY OF NEW YORK AND AS CHAIRMAN, EX OFFICIO, OF THE BOARD OF TRUSTEES OF**
**THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE I-B PENSION FUND ET AL**
**Motion No.  001**

6 of 6

[* 6]